IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **Fredericka Wagner, *et al.*,** | : | |
| Plaintiff, | : | |
| v. | : | Case No. 2:08-cv-431 |
| | : | JUDGE SMITH |
| **Circle W Mastiffs, *et al.*,** | : | |
| Defendants. | : | |
| | | |
| **Craig W. Williamson,** | : | |
| Plaintiff, | : | |
| v. | : | Case No. 2:09-cv-172 |
| **American Mastiff Breeders Council, *et al.*,** | : | JUDGE HOLSCHUH |
| Defendants. | : | |

**OPINION AND ORDER**

This Lanham Act case was filed in this Court by Fredericka Wagner and others (collectively the Wagner plaintiffs) on May 6, 2008 against Circle W Mastiffs, identified as some type of business located in Nevada, and Nevada residents Jennifer and Craig Williamson. Slightly more than one month afterwards, Mr. Williamson filed an action in the United States District Court for the District of Nevada naming the plaintiffs in this case as defendants and asserting four causes of action including violations of the Sherman Act. See Williamson, et al v. American Mastiff Breeders Council, et al., Case No. 3:08-cv-00336-ECR-VPC (D. Nev). All of the defendants in that case then moved to

dismiss or to transfer venue to the Southern District of Ohio, and that motion was recently granted. The transferred case is now Case No. 2:09-cv-172 (S.D. Ohio).

While that case was pending in Nevada, the defendants in the Ohio case (who will be referred to as the Circle W defendants) moved to dismiss this case or to transfer it to the District of Nevada. After the Nevada case was transferred here, the Wagner plaintiffs moved to consolidate the two cases. For the following reasons, the Court will grant the motion to consolidate, and will deny all other pending motions.

I.

At the outset, the Court will address the impact of the Nevada District Court's decision on this case. In their motion to consolidate, the Wagner plaintiffs contend that transfer has rendered the Circle W defendants' motions moot. However, in their response, the Circle W defendants contend that the motion to dismiss is not moot because the Nevada decision did not address whether this Court can exercise personal jurisdiction over them in their capacity as defendants in the Lanham Act case, even though they are properly before the Court as plaintiffs in the transferred case, and it did not determine whether the complaint states a claim under the Lanham Act.

Certainly, some of the issues raised by the Circle W defendants are moot, including specifically the motion to transfer venue. Now that the Nevada court has decided that the claims between the parties should be litigated in Ohio, it would make no sense for this Court to transfer its case to Nevada. Further, in response to the motion to consolidate, the Circle W defendants have clarified which issues they are pursuing through their motion to dismiss, namely the issue of personal jurisdiction and the 12(b)(6) motion. Consequently, the Court will not consider any other issues which they originally raised, including an argument made concerning "anticipatory filing" and a

2

fleeting reference to lack of subject matter jurisdiction.

The Court does note that, given the transfer and the fact that the Wagner plaintiffs could simply assert their Lanham Act claims as counterclaims in the transferred case, a decision on the personal jurisdiction issue present in Case No. 2:08-cv-431 will accomplish very little. Nevertheless, even though the Court is going to consolidate the two cases, a Rule 42 consolidation does not deprive each case of its separate identity, and the personal jurisdiction issue remains a live issue after consolidation. See Jaehning v. Schoner, 96 F.R.D. 58 (M.D.N.C. 1982). Thus, the Court turns first to that question.

II.

The Wagner plaintiffs have alleged the following facts in the complaint. Ms. Wagner and Flying W Farms created the American Mastiff dog breed. She and the other plaintiffs allege that defendant Circle W, without privilege to do so, has taken various actions which have diluted the value of the American Mastiff breed and brand. As set forth in the complaint, the American Mastiff is a recognized dog breed registered with the Continental Kennel Club. See Complaint at ¶¶ 1-2. The complaint alleges that defendants have advertised in interstate commerce and sold dogs claimed to be American Mastiffs of the breed created by Ms. Wagner and Circle W Farms when, in fact, these dogs are not American Mastiffs. Id. at ¶6. Specifically, the complaint asserts that the defendants have been selling dogs without a black mask in direct contravention of the breed standard set by the AMBC. Id. at 7. Further, the complaint alleges that the defendants maintain a website which falsely advertises for sale dogs that are not American Mastiff Breed standard. See Complaint at ¶8. This advertising has misled the public and harmed the plaintiffs. Id. at ¶10 and ¶14.

When a motion to dismiss for lack of personal jurisdiction is filed, the plaintiffs have the burden of establishing personal

3

jurisdiction over a defendant. Neogen Corp v. Neo Gen Screening, Inc., 282 F.3d 883, 887 (6th Cir. 2002). When no hearing is conducted, the Court must consider the pleadings and affidavits in the light most favorable to the plaintiff. Intera Corp. v. Henderson, 428 F.3d 605, 614 (6th Cir. 2005). Further, the plaintiff need only make a prima facie showing of jurisdiction. Compuserve, Inc. v. Patterson, 89 F.3d 1257, 1262 (6th Cir. 1996).

There is no question that federal courts have jurisdiction over actions arising under the Lanham Act. See 15 U.S.C. §1211. In the Sixth Circuit, when jurisdiction is based upon the existence of a federal question, personal jurisdiction over a defendant exists if the defendant is amenable to service under the forum state's long-arm statute and if the exercise of personal jurisdiction does not offend a defendant's right to due process. See Bird v. Parsons, 289 F.3d 865, 871 (6th Cir. 2002). In Ohio, the long-arm statute does not reach as far as due process permits so an analysis of both the statute and federal due process is required. Cole v. Mileti, 133 F.3d 433, 436 (6th Cir. 1998).

When jurisdiction is founded on the long-arm statute, the cause of action must arise from at least one of the criteria set forth in the statute. These criteria include transacting business and various scenarios of causing tortious injury in Ohio. See O.R.C. 2307.382(A).

In order to satisfy due process requirements, a defendant must have certain "minimum contacts" with the forum state "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." Youn v. Track, Inc., 324 F.3d 409, 417 (6th Cir. 2002) (quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945). Minimum contacts exist when "the defendant's conduct and connection with the forum state are such that he should reasonably anticipate being haled into

court there." World-Wide Volkswagen Corp v. Woodson, 444 U.S. 286, 297 (1980). Further, it is necessary that the defendant "purposefully avail himself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws." Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985).

A court may exercise either general or specific jurisdiction. Bird, 289 F.3d at 873. The Wagner plaintiffs contend that specific jurisdiction is proper here. Specific personal jurisdiction exists where the claims in a case arise from or relate to a defendant's contacts with the forum state. Intera Corp., 428 F.3d at 616. The Sixth Circuit utilizes a three-part test for determining whether the particular circumstances in any case provide sufficient contact between a non-resident defendant and the forum state to support the exercise of personal jurisdiction:

> First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

Id. (quoting Southern Machine Co. v. Mohasco Industries, Inc., 401 F.2d 374 (6th Cir. 1968).

The first step of the three part analysis enunciated in Southern Machine requires an inquiry into whether a defendant has acted or caused consequences within the forum state. The "purposeful availment" requirement "ensures that a defendant will not be haled into a jurisdiction as a result of 'random,' 'fortuitous,' or 'attenuated' contacts or of the 'unilateral activity of another party or third person.'" Third National Bank

in Nashville v. WEDGE Group, Inc., 882 F.2d 1087 (6th Cir. 1989)(quoting Burger King, 471 U.S. at 475). In assessing a defendant's contacts with the forum state, "'[i]t is the 'quality of the contacts,' and not their number or status, that determines whether they amount to purposeful availment." Reynolds v. International Amateur Athletic Federation, 23 F.3d 1110, 1119 (6th Cir. 1994).

The second part of the Southern Machine test requires an analysis of whether the plaintiff's cause of action arises out of or is related to the defendant's contacts with the forum state. "If a defendant's contacts with the forum state are related to the operative facts of the controversy, then an action will be deemed to have arisen from those contacts." Bird, 289 F.3d at 875 (quoting Compuserve, Inc., 89 F.3d at 1267).

The third part of the Southern Machine test requires inquiry into whether a defendant's conduct establishes a "...substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable." Southern Machine, 401 F.2d at 381. This analysis requires a determination whether the Court's exercise of jurisdiction would offend "traditional notions of fair play and substantial justice," International Shoe, 326 U.S. at 316, and whether the defendant's conduct relating to the forum was such that he should reasonably anticipate being haled into court here. World-Wide Volkswagen, 444 U.S. at 297. In reaching the decision on fair play and substantial justice, the court must consider such factors as the burden on the defendant, the interest of the forum state, the plaintiff's interest in obtaining relief, and the interest of other states in securing the most efficient resolutions of controversies. Theunissen v. Matthews, 935 F.2d 1454, 1462 (6th Cir. 1991)(citing Asahi Metal Industry Co. v. Superior Court of California, 480 U.S. 102 (1987). When the first two elements

of the Southern Machine test have been met, an inference arises that the third is also present. Theunissen, 935 F.2d at 1461. It is with these standards in mind that the motion to dismiss for lack of personal jurisdiction will be decided.

According to the affidavit of Ms. Wagner, the defendants purchased American Mastiff dogs from her in Ohio and defendant Jennifer Williamson traveled to Ohio to receive an American Mastiff from her. Wagner Affidavit at ¶11. Further, Ms. Wagner states that the AMBC is an LLC organized under the laws of Ohio and, prior to that, was an organization located in Ohio. Id. at 3-4. Additionally, Ms. Wagner states that the Circle W defendants were members of the AMBC, participated in the AMBC via telephone and e-mail, and still claim on their website to be members of the AMBC. Id. at ¶¶6, 8, and 13. Finally, Ms. Wagner states that the Circle W defendants' alleged activities in violation of the Lanham Act are causing harm to AMBC in Ohio and its member breeders located in Ohio. Id. at ¶¶16-17.

In Mr. Williamson's affidavit, he states that he is the sole owner of Circle W Mastiffs, a sole proprietorship in Nevada. See Williamson Affidavit, ¶1. He states that he did purchase breeding stock, including registration papers and documentation, from Ms. Wagner and Flying W Farms in Ohio. Id. at ¶5. Aside from this activity, Mr. Williamson contends that he has no contact with Ohio. Id. at ¶¶2-4 and 6-13. Mr. Williamson's affidavit does not address the issue of AMBC membership.

Based on the above affidavits, the Wagner plaintiffs contend that their cause of action arises out of the Circle W defendants' transacting business in Ohio, causing tortious injury by an act or omission in Ohio, and causing tortious injury in Ohio by an act outside Ohio with the purpose of injuring persons when they reasonably might have expected that some person would be injured thereby in this state. See O.R.C. §2307.382(A)(1), (3) and (6). The Circle W defendants contend that the requirements of the Ohio

7

long-arm statute have not been met.

There is no dispute that the Circle W defendants purchased, from a breeder in Ohio, their American Mastiff breeding stock. There is also no dispute that defendant Jennifer Williamson traveled to Ohio to pick up the breeding stock from Ms. Wagner at Flying W Farms. Further, the Circle W defendants do not dispute that they were members of the AMBC, an organization located in Ohio, and that as members they participated in the organization through various communications. Based on the affidavits of both Ms. Wagner and Mr. Williamson, the Court finds that the Circle W defendants transacted business in this state as required by Ohio's long-arm statute. See O.R.C. §2307.382(A)(1).

Further, the Wagner plaintiffs allege that the Circle W defendants' purchase of the breeding stock in Ohio and their subsequent alleged treatment of this breeding stock in Nevada resulted in the alleged dilution of the breed. The Wagner plaintiffs claim that this alleged breed dilution has injured the AMBC located in Ohio and certain Ohio resident plaintiffs. Given that the American Mastiff breed was developed by Ms. Wagner, an Ohio resident, the Court finds that any alleged dilution of the breed in Nevada would reasonably be expected to, at a minimum, harm Ms. Wagner as well as any other American Mastiff breeders located in Ohio. Consequently, the Court finds that the Wagner plaintiffs have made a prima facie showing that the Circle W defendants have caused a tortious injury in Ohio by their actions in Nevada which they might reasonably have expected to cause injury to some person in Ohio. See O.R.C. §2307.382(A)(6).

Additionally, the Court concludes that the Wagner plaintiffs have satisfied the Ohio long-arm statute's requirement that their cause of action arise from both the transaction of business in Ohio and an act causing tortious injury. The Wagner plaintiffs' Lanham Act dilution claim arises from both the Circle W defendants' purchase of breeding stock in Ohio and the alleged

misuse of this breeding stock resulting in alleged tortious injury to Ohio residents.

With respect to the due process analysis, the Wagner plaintiffs contend that specific personal jurisdiction consistent with due process exists over the Circle W defendants here. Despite the consent to consolidation, the Circle W defendants continue to assert that they have no contacts with Ohio sufficient to make this Court's exercise of jurisdiction over them reasonable.

Next, addressing the issue in terms of the three-part test set forth in Southern Machine, the Court finds that Mr. Williamson has availed himself of the privilege of acting in Ohio, at a minimum, through his purchase of the breeding stock from Ms. Wagner and Flying W.  Moreover, this purchase is a significant contact in the sense that it provided the breeding stock from which Mr. Williamson could market and sell the specific American Mastiff breed developed by Ms. Wagner and Flying W which seems to be the essence of his business. Certainly, his marketing of this American Mastiff breed forms the basis for the Wagner plaintiffs' claims in this case. Additionally, Mr. Williamson's claims in the transferred case relate to alleged restrictions placed on his ability to market and sell this breed by the AMBC - including Ms. Wagner and Flying Farms.  Accordingly, Mr. Williamson is not being haled into this jurisdiction "solely as a result of 'random,' 'fortuitous,' or 'attenuated' acts.  See Burger King Corp v. Rudzewicz, 471 U.S. at 475.

With respect to the second prong of the Southern Machine test, as set forth above, the Wagner plaintiffs' cause of action arises from Mr. Williamson's contact with Ohio, and for that matter, so do Mr. Williamson's claims in the transferred case. For essentially these same reasons, Mr. Williamson has a substantial enough connection with Ohio to make this Court's

exercise of jurisdiction over him reasonable.  Certainly, given the transfer of Nevada case to this Court and the fact that Mr. Williamson will be litigating his affirmative claims against the Wagner plaintiffs here, Mr. Williamson will not be further burdened by this Court's exercise of jurisdiction over the Wagner plaintiffs' affirmative claims.  Finally, the Court's exercise of personal jurisdiction over these claims will allow for the most efficient resolution of the entire controversy between the parties.

The Court notes that Jennifer Williamson, who is a defendant in the Ohio case but did not join the Nevada case as a plaintiff, has not raised any issue relating to personal jurisdiction separate and apart from those raised by Mr. Williamson and Circle W.  Moreover, as discussed above, it is undisputed that she traveled to Ohio for purposes of obtaining breeding stock.  The Court finds that this activity not only satisfied the requirements of Ohio's long-arm statute, it also established the minimum contacts necessary for this Court's exercise of personal jurisdiction over her.  In short, Ms. Williamson transacted business in Ohio, the cause of action originates from this business transaction, and, given her consent to consolidation, the exercise of personal jurisdiction over Ms. Williamson will not offend "traditional notions of fair play and justice." International Shoe.  Consequently, the motion to dismiss the Ohio case for lack of personal jurisdiction will be denied.

IV.

The Circle W defendants also moved to dismiss the complaint under Fed.R.Civ.P. 12(b)(6), arguing that the complaint fails to allege any facts which would constitute a claim for relief under the Lanham Act.  Specifically, they contend that the Wagner plaintiffs cannot succeed on that claim because they (the Circle W defendants) have not given false descriptions or misrepresentations of the goods they provide.  In response, The

10

Wagner plaintiffs argue that they have pled a Lanham Act violation in sufficient detail to withstand a Rule 12(b)(6) motion.

A motion to dismiss under Fed. R. Civ. P 12(b)(6) should not be granted if the complaint contains "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S.Ct 1955, 1974 (2007). All well-pleaded factual allegations must be taken as true and be construed most favorably toward the non-movant. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

A 12(b)(6) motion to dismiss is directed solely to the complaint and any exhibits attached to it. Roth Steel Products v. Sharon Steel Corp., 705 F.2d 134, 155 (6th Cir. 1983). The merits of the claims set forth in the complaint are not at issue on a motion to dismiss for failure to state a claim. Consequently, a complaint will be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) only if there is no law to support the claims made, or if the facts alleged are insufficient to state a claim, or if on the face of the complaint there is an insurmountable bar to relief. See Rauch v. Day & Night Mfg. Corp., 576 F.2d 857, 858 (6th Cir. 1976). Rule 12 (b)(6) must be read in conjunction with Fed. R. Civ. P. 8(a) which provides that a pleading for relief shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief." 5A Wright & Miller, Federal Practice and Procedure § 1356 (1990). The moving party is entitled to relief only when the complaint fails to meet this liberal standard. Id.

On the other hand, more than bare assertions of legal conclusions is required to satisfy the notice pleading standard. Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436 (6th Cir. 1988). "In practice, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." Id. (emphasis in original, quotes omitted).

"[w]e are not holding the pleader to an impossibly high

11

standard; we recognize the policies behind rule 8 and
the concept of notice pleading.  A plaintiff will not
be thrown out of court for failing to plead facts in
support of every arcane element of his claim.  But when
a complaint omits facts that, if they existed, would
clearly dominate the case, it seems fair to assume that
those facts do not exist."

Id. It is with these standards in mind that the motion to dismiss will be decided.

To state a cause of action under §1125(a) of the Lanham Act, a plaintiff must show that: (1) a defendant has made false or misleading statements of fact concerning his own product or another's; (2) the statement actually or tends to deceive a substantial portion of the intended audience; (3) the statement is material in that it will likely influence the deceived consumer's purchasing decisions; (4) the advertisements were introduced into interstate commerce; and (5) there is some causal link between the challenged statements and harm to the plaintiff. Am. Council of Certified Podiatric Physicians and Surgeons v. Am. Bd. of Podiatric Surgery, 185 F.3d 606, 613 (6th Cir. 1999).

The Court finds that, based on the allegations of the complaint, the plaintiffs have stated a claim under the Lanham Act sufficient to withstand defendants' Fed.R.Civ.P. 12(b)(6) motion.  The complaint clearly asserts that the Circle W defendants have made false or misleading statements regarding the breed of dog they are selling and that the claims which are being made regarding the dogs they sell are likely to confuse or deceive the public.  These allegations, taken together, suggest that the public's belief that they are buying a breed standard American Mastiff from the Williamsons may influence their purchasing decision.  If true, that would make the alleged statements material.  The complaint also asserts that the defendants advertised in interstate commerce.  Id. at ¶6 and ¶38. Finally, the complaint alleges that there is a causal link between the Circle W defendants' statements and harm to the Wagner plaintiffs.  Id. at ¶14-¶15 and ¶39.  These allegations

12

are entirely consistent with the standard set forth in <u>Podiatric Physicians</u>.  Consequently, the motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) will be denied.

V.

Based on the foregoing, the Circle W defendants' motions to dismiss and to transfer venue (#s 8 & 9) are DENIED.  The motion to consolidate (#21) is GRANTED and these cases are consolidated into the first-filed case, Case No.2:08-cv-431.  The Magistrate Judge shall set the consolidated cases for an initial Rule 16 conference as soon as practical.

*/s/ George C. Smith*
**GEORGE C. SMITH, JUDGE**
**UNITED STATES DISTRICT COURT**