```
         IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF OHIO
                   EASTERN DIVISION
```

Fredericka Wagner, et al.,      :

    Plaintiffs,             :

    v.                      :       Case No. 2:08-cv-431

Circle W Mastiffs, et al.,      :       JUDGE SMITH

    Defendants.             :


Craig W. Williamson,            :

    Plaintiff,              :

    v.                      :       Case No. 09-cv-172

American Mastiff Breeders       :       JUDGE SMITH
Council, et al.,

    Defendants.             :

## OPINION AND ORDER

These cases are before the Court to consider defendants' motion for judgment on the pleadings, plaintiff's motion for leave to amend, and defendants' motion to stay discovery pending adjudication of the motion for judgment on the pleadings. All of these motions pertain to Case No. 2:09-cv-172 and have been fully briefed. For the following reasons, plaintiff's motion for leave to amend will be granted and the other motions will be denied as moot.

### I.

In his original complaint, Mr. Williamson set forth two claims under the Sherman Act, a defamation claim and a request for declaratory relief. The defendants moved for judgment on the pleadings asserting in lengthy detail plaintiff's failure to set forth sufficient facts to support either an antitrust claim or a defamation claim.

Following the filing of the motion for judgment on the pleadings, Mr. Williamson, represented by new counsel, filed the current motion for leave to amend. In his proposed amended complaint, Mr. Williamson sets forth additional facts in support of his Sherman Act and defamation claims. The amended complaint also appears to set forth causes of action arising from fraud and interference with business relationships as well as additional Sherman Act and defamation claims.

In response to the motion for leave to amend, the defendants claim that the motion for leave is premature because their motion for judgment on the pleadings is still pending. Further, based on their understanding that Mr. Williamson intends to pursue the original complaint even if the motion for leave to amend is granted, defendants contend that they will be prejudiced by simultaneously litigating two complaints. Defendants also assert they have been prejudiced by Mr. Williamson's deliberate delay in amending his complaint. Finally, the defendants contend that the proposed amendment is futile because it would not survive a motion to dismiss under the new pleading standards established by Bell Atlantic v. Twombly, 550 U.S. 544 (2007).

II.

Fed.R.Civ.P. 15(a) states that when a party is required to seek leave of court in order to file an amended pleading, "leave shall be freely given when justice so requires." The United States Court of Appeals for the Sixth Circuit has spoken extensively on this standard, relying upon the decisions of the United States Supreme Court in Foman v. Davis, 371 U.S. 178 (1962) and Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321 (1971), decisions which give substantial meaning to the "when justice so requires." In Foman, the Court indicated that the rule is to be interpreted liberally, and that in the absence of undue delay, bad faith, or dilatory motive on the part of the party proposing an amendment, leave should be granted. In Zenith

Radio Corp., the Court indicated that mere delay, of itself, is not a reason to deny leave to amend, but delay coupled with demonstrable prejudice either to the interests of the opposing party or of the Court can justify such denial.

Expanding upon these decisions, the Court of Appeals has noted that:

> [i]n determining what constitutes prejudice, the court considers whether the assertion of the new claim or defense would: require the opponent to expend significant additional resources to conduct discovery and prepare for trial; significantly delay the resolution of the dispute; or prevent the plaintiff from bringing a timely action in another jurisdiction.

Phelps v. McClellan, 30 F.3d 658, 662-63 (6th Cir.1994) (citing Tokio Marine & Fire Insurance Co. v. Employers Insurance of Wausau, 786 F.2d 101, 103 (2d Cir.1986)). See also Moore v. City of Paducah, 790 F.2d 557 (6th Cir.1986); Tefft v. Seward, 689 F.2d 637 (6th Cir. 1982). Stated differently, deciding if any prejudice to the opposing party is "undue" requires the Court to focus on, among other things, whether an amendment at any stage of the litigation would make the case unduly complex and confusing, see Duchon v. Cajon Co., 791 F.2d 43 (6th Cir.1986) (per curiam), and to ask if the defending party would have conducted the defense in a substantially different manner had the amendment been tendered previously. General Electric Co. v. Sargent and Lundy, 916 F.2d 1119, 1130 (6th Cir.1990); see also Davis v. Therm-O-Disc, Inc., 791 F. Supp. 693 (N.D. Ohio 1992).

The Court of Appeals has also identified a number of additional factors which the District Court must take into account in determining whether to grant a motion for leave to file an amended pleading. They include whether there has been a repeated failure to cure deficiencies in the pleading, and whether the amendment itself would be an exercise in futility.

3

Robinson v. Michigan Consolidated Gas Co., 918 F.2d 579 (6th Cir.1990); Head v. Jellico Housing Authority, 870 F.2d 1117 (6th Cir.1989). The Court may also consider whether the matters contained in the amended complaint could have been advanced previously so that the disposition of the case would not have been disrupted by a later, untimely amendment. Id. It is with these standards in mind that the instant motion to amend will be decided.

III.

Turning first to defendants' assertion that they would be prejudiced by litigating two complaints at the same time, the Court does not find this argument persuasive. There is no question that an amended complaint supersedes an original complaint such that the amended complaint becomes the operative complaint. Washer v. Bullitt County, 110 U.S. 558, 562 (1884) ("When a petition is amended by leave of the court, the cause proceeds on the amended petition."). See also Snyder v. Pascack Valley Hosp., 303 F.3d 271, 276 (3d Cir. 2002) ("An amended complaint supercedes the original version in providing the blueprint for the future course of the lawsuit."); 6 Fed. Prac. & Proc. 2d §1476 ("Once an amended pleading is interposed, the original pleading no longer performs any function in the case."). Consequently, regardless of defendants' interpretation of Mr. Williamson's intention, if the proposed amendment is allowed, only the amended complaint will be at issue and the defendants will not be required to litigate two complaints at once.

Similarly, there is no merit to defendants' argument that the motion to amend is premature because a motion for judgment on the pleadings is pending. Any motion pertaining to the original complaint would be subject to dismissal as moot once an amended complaint is filed. See, e.g., National City Mortgage Co. v. Navarro, 220 F.R.D. 102 (D.D.C. 2004); Manasher v. NECC Telecom, 2006 WL 3543639 (E.D. Mich. December 8, 2006).

4

As for defendants' assertions of prejudice, the Court does not find defendants' drafting of multiple motions or responses in response to Mr. Williamson's choices in pursuing this action an allegation of prejudice so severe as to justify denial of the motion for leave to amend.  Moreover, given the arguments set forth at great length by defendants in both their motion for judgment on the pleadings and their opposition to the motion for leave to amend, the Court does not believe that defendants will need to expend significant time drafting any challenge to an amended complaint.

With respect to defendants' remaining argument, there is some conceptual difficulty presented when the primary basis for a party's opposition to the filing of an amended pleading is that the pleading is futile, *i.e.* that it fails to state a claim upon which relief can be granted.  At least where the claim is arguably sufficient, is it usually a sound exercise of discretion to permit the claim to be pleaded and to allow the merits of the claim to be tested by way of a motion to dismiss.  "The trial court has the discretion to grant a party leave to amend a complaint, even where the amended pleading might ultimately be dismissed."  Morse/Diesel, Inc. v. Fidelity and Deposit Co. of Md., 715 F.Supp. 578, 581 (S.D.N.Y. 1989).  Consequently, rather than determining the actual legal sufficiency of the new claim, in many cases it will suffice to determine if there is a substantial argument to be made on that question and, if so, to allow the amended pleading to be filed with the understanding that a motion to dismiss for failure to state a claim may follow.

Here, Mr. Williamson has made the colorable argument that his proposed amended complaint contains specific factual allegations sufficient to withstand a motion to dismiss. Under these circumstances, the Court believes that it is a better exercise of discretion to permit the amendment.  Consequently,

the motion for leave to amend will be granted.  In light of this, as discussed above, the motion for judgment on the pleadings will be denied as moot.  However, the  defendants may pursue a motion to dismiss or other dispositive motion directed to the amended complaint.  Finally, because the motion for judgment on the pleadings has been denied as moot, the motion to stay discovery pending the adjudication of that motion is likewise denied as moot.

IV.

Based on the foregoing, the plaintiff's motion for leave to file an amended complaint (#25 in Case No. 2:09-cv-172 and #36 in Case No. 2:08-cv-431) is granted.  The Clerk shall detach and file the amended complaint attached to the motion.  The defendants' motion for judgment on the pleadings (#13 in Case No. 2:09-cv-172) and motion to stay discovery pending adjudication of their motion for judgment on the pleadings (#21 in Case No. 2:09-cv-172) are denied as moot.

/s/ George C. Smith
George C. Smith
United States District Judge