```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF OHIO
                         EASTERN DIVISION
```

Fredericka Wagner, et al.,          :

      Plaintiffs,                  :

      v.                            :       Case No. 2:08-cv-431

Circle W Mastiffs, et al.,          :       JUDGE SMITH

      Defendants.                   :


Craig W. Williamson,                :

      Plaintiff,                    :

      v.                            :       Case No. 2:09-cv-0172

American Mastiff Breeders           :       JUDGE SMITH
Council, et al.,

      Defendants.                   :

<u>ORDER</u>

    This matter is before the Court to consider American Mastiff Breeders Council's motion to stay discovery. The motion has been fully briefed. For the following reasons, the motion to stay will be granted in part and denied in part.

I.

    This case is one of two consolidated cases involving the sale of American Mastiff puppies. In his amended complaint filed in Case No. 2:09-cv-172, Mr. Williamson, a breeder of American Mastiff puppies, raises antitrust and various other claims arising from defendants' alleged price fixing in connection with the sale of such puppies. According to Mr. Williamson, his refusal to participate in the price fixing scheme has resulted in his exclusion from the AMBC and his inability to purchase new breeding stock. The named defendants in that case, which include the AMBC and its member breeders, have moved to dismiss the

amended complaint on grounds that Mr. Williamson has failed to plead facts sufficient to support his claims.

In their motion to stay, defendants assert, relying on Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), Ashcroft v. Iqbal, -U.S. -, 129 S.Ct. 1937 (2009), and subsequent cases, that the complex antitrust issues raised by this case warrant a stay of discovery pending a ruling on the motion to dismiss. In response, Mr. Williamson argues that defendants' motion to dismiss was untimely so there is no basis for a stay of discovery. Further, Mr. Williamson asserts that no hardship will be caused by allowing discovery to proceed because the motion to dismiss is unlikely to be granted and other discovery will occur in the consolidated case. Mr. Williamson also claims that this case is not analogous to Twombly and a stay would cause unnecessary delay and continuing damage.

## II.

A stay of discovery for any reason is a matter ordinarily committed to the sound discretion of the trial court. Chrysler Corp. v. Fedders Corp., 643 F.2d 1229 (6th Cir. 1981). In ruling upon a motion for stay, the Court is required to weigh the burden of proceeding with discovery upon the party from whom discovery is sought against the hardship which would be worked by a denial of discovery. Additionally, the Court is required to take into account any societal interests which are implicated by either proceeding or postponing discovery. Marrese v. American Academy of Orthopaedic Surgeons, 706 F.2d 1488, 1493 (7th Cir. 1983), vacated 726 F.2d 1150 (7th Cir. 1984) (en banc), rev'd on other grounds 470 U.S. 373 (1985). When a stay, rather than a prohibition, of discovery is sought, the burden upon the party requesting the stay is less than if he were requesting a total freedom from discovery. Id. It is with these standards in mind that the motion for a stay of discovery will be considered.

III.

At the outset, the Court finds without merit Mr. Williamson's argument that the pending motion to dismiss was filed out of time and cannot provide a basis for staying discovery. Turning to the merits of the motion, the Court notes that the defendants are small businesses from all over the United States. Further, the defendants represent that Mr. Williamson has served on each of them "extensive interrogatories (which, without leave of court, exceed the twenty-five allowed under Fed.R.Civ.P. 33(2)(1))and document requests." Under these circumstances, and given the nature of antitrust allegations as noted by Twombly and numerous other decisions, the Court cannot find that the burden faced by the defendants in proceeding with discovery on the antitrust claims set forth in the amended complaint would be insignificant.

On the other hand, the only hardship articulated by Mr. Williamson arising from a delay of any discovery is that the defendants' harmful conduct will continue. This contention alone does not persuade the Court that Mr. Williamson will suffer significant hardship from any delay of discovery. Further, the motion to dismiss has been fully briefed which should prevent any lengthy delay in its resolution. Finally, the cases cited by the defendants do caution the Court that before burdensome discovery is undertaken in an antitrust case, there must be some likelihood that the claims will survive a motion to dismiss. The Court is not at all sure that Mr. Williamson's complaint meets that test. Given this scenario, the Court does not believe that the burden faced by defendants would be outweighed by any prejudice to Mr. Williamson. Consequently, the Court will grant defendants' motion for a stay of discovery with respect to the antitrust issues raised in counts one through five and counts ten and eleven of the amended complaint.

At the same time, however, the Court notes that the rationale weighing in favor of staying discovery with respect to Mr. Williamson's antitrust claims is not as compelling with respect to the other claims raised in the amended complaint. Moreover, the defendants here have not moved to stay discovery in the consolidated case (Case No. 08-cv-431) although they have moved, as plaintiffs in that case, for dismissal of the counterclaim asserted by Mr. Williamson, his business entity Circle W Mastiffs, and Jennifer Williamson. To the extent that discovery is proceeding in Case No. 08-cv-431 relating to any of the issues presented by Mr. Williamson's amended complaint, it is reasonable to allow such discovery to proceed in this case as well. The Court's review of the amended complaint shows that Mr. Williamson's eighth claim for relief set forth at paragraphs 88 through 96 contains allegations of fraud or misrepresentation similar to those set forth in counts three and four of the counterclaim in Case No. 08-cv-431. Further, the defamation claims set forth in counts six and seven of the amended complaint and the intentional interference with a business relationship claim set forth in count nine are not of such a nature that the Court believes that proceeding with discovery on these issues would be unduly burdensome to the defendants. Consequently, the motion to stay discovery will be denied with respect to the claims raised in counts six, seven, eight, and nine of the amended complaint.

IV.

Based on the foregoing, the motion to stay discovery pending a ruling on the motion to dismiss (#39) is granted in part and denied in part as set forth above.

Any party may, within fourteen days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge. 28 U.S.C. §636(b)(1)(A),

Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 91-3, pt. I., F., 5.  The motion must specifically designate the order or part in question and the basis for any objection.  Responses to objections are due fourteen days after objections are filed and replies by the objecting party are due seven days thereafter.  The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

     This order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or District Judge.  S.D. Ohio L.R. 72.4.


                                      /s/ Terence P. Kemp
                                      United States Magistrate Judge