IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**Fredericka Wagner,** *et al.,*       :

     **Plaintiffs,**       :

     v.       :       Case No. 2:08-cv-431

**Circle W Mastiffs,** *et al.,*       :       JUDGE SMITH

     **Defendants.**       :

ORDER

This matter is before the Court to consider the request filed by plaintiff Tammy Venkler d/b/a Mystic American Mastiff to dismiss her claims with prejudice pursuant to Fed.R.Civ.P. 41(a)(2). Defendants have filed a response which includes a motion for attorneys' fees and costs. For the following reasons, Ms. Venkler's request will be granted and the defendants' motion for attorneys' fees and costs will be denied.

I.  Background

The facts of this case have been set out in this Court's previous orders and will not be discussed in any detail here. Briefly, this case is one of two consolidated cases involving the sale of American Mastiff puppies. This case, asserting Lanham Act claims, alleges that Circle W Mastiff and Craig and Jennifer Williamson have advertised and sold in interstate commerce dogs purported to be of the American Mastiff breed created by Fredericka Wagner and Flying W Farms but which are not breed standard. The Circle W defendants filed a counterclaim asserting claims for breach of contract, breach of the duty of good faith, fraud/fraudulent inducement, negligent misrepresentation, indemnification, and contribution.

Since Ms. Venkler's filing of her current request, this Court granted in part and denied in part the motion to dismiss the counterclaim filed by the Flying W plaintiffs. The Circle W defendants' claims of fraud, fraudulent inducement, and negligent misrepresentation survived the motion to dismiss.

## II. The Request to Dismiss

In her filing, Ms. Venkler asserts that she is no longer breeding dogs and no longer has the financial means to continue as a plaintiff in this litigation. She states that she does not intend the dismissal to be effective as to other plaintiffs.

In response, the Circle W defendants argue that an order of dismissal under Fed.R.Civ.P. 41 may be allowed only under circumstances which the Court considers to be fair to them. Defendants contend, relying on *Grover by Grover v. Eli Lilly & Co.*, 33 F.3d 716 (6th Cir. 1994), that the Sixth Circuit applies a four-part test to determine whether a request for a voluntary dismissal should be granted. According to defendants, the four factors to be considered include the extent of trial preparation, a plaintiff's diligence in prosecuting the action, the basis for the dismissal, and whether defendant has filed a summary judgment motion. The defendants contend that, because they will be prejudiced by Ms. Venkler's dismissal, the Court should require certain conditions in the event it finds a voluntary dismissal appropriate. Defendants' proposed conditions would require Ms. Venkler to remain a counterclaim defendant in this case and a defendant in the consolidated case, to pay defendants' expenses, costs, and attorneys' fees, and to respond without objection to written discovery.

In reply, Ms. Venkler asserts that defendants will not be prejudiced by her dismissal. She contends that, to the extent the defendants rely on *Grover*, the test set forth in that case applies only to dismissals without prejudice. On the other hand, Ms. Venkler argues that, if the *Grover* test applies, she has met

all the requirements such that her request to dismiss with prejudice should be permitted.  Further, Ms. Venkler asserts that attorneys' fees in Lanham Act cases are only awarded to a prevailing party in exceptional cases and this is not such a case.  Moreover, Ms. Venkler claims that defendants have already admitted their violations of the Lanham Act in filings with this Court, thereby diminishing their potential to become the prevailing party.

Ms. Venkler also acknowledges that her request to dismiss encompasses only her claims against the defendants and does not involve the defendants' affirmative claims against her in the consolidated case or the counterclaim in this case.  She notes, however, that the counterclaim in this case is directed only to plaintiffs Fredericka Wagner and Flying W Farms.
Finally, Ms. Venkler states that, given her precarious financial situation, if this Court determines that an award of attorneys' fees is a proper condition for dismissal, she would wish to withdraw her dismissal request.  As explained by Ms. Venkler, she would rather apply her limited resources to proceeding with this litigation than to paying defendants' attorneys' fees.  Also citing her limited resources, Ms. Venkler maintains that requiring her to engage in discovery would be unduly burdensome - especially given that any discovery provided by her would likely be duplicative of that from the other plaintiffs in this case.  She notes that if defendants still find discovery from her necessary, they can subpoena the information.

### III. Analysis

Rule 41(a)(2) provides:

> By Court Order; Effect.  Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper.  If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the

>>defendant's objection only if the counterclaim
>
>>can remain pending for independent adjudication.  Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

Dismissal under Rule 41(a)(2) is within the sound discretion of the Court.  A fundamental purpose of Rule 41(a)(2) is to prevent voluntary dismissals which are unfair to the defendant, and to allow the Court to impose curative conditions.  C. Wright & A. Miller, <u>Federal Practice and Procedure: Civil §2364</u> at 165 (1971 and 1993 Supp.) (multiple citations omitted).  The courts have generally followed the traditional principle that voluntary dismissals should be allowed unless plain legal prejudice, other than the mere prospect of a second lawsuit, will be suffered by the defendant.  <u>Id</u>. at 165 and n.69.  Additionally, "[i]t is generally considered an abuse of discretion for a court to deny a plaintiff's request for a voluntary dismissal with prejudice." <u>Dequssa Admixtures, Inc. v. Burnett</u>, 471 F.Supp.2d 848, 852 (W.D. Mich. 2007), <u>aff'd</u> 277 Fed.Appx. 530 (6th Cir. May 5, 2008).

As she has stated, Ms. Venkler is seeking to dismiss her claims with prejudice.  Under this circumstance, the Court agrees with Ms. Venkler that the factors outlined in <u>Grover</u>, relating to voluntary dismissals without prejudice, are not relevant. Further, Ms. Venkler recognizes that the claims asserted against her in Case No. 2:09-cv-172 remain pending.  Additionally, as she explains, her request to dismiss her claims is not directed to the defendants' counterclaim in this action.  Accordingly, on its face, Ms. Venkler's request addresses two of the conditions that defendants assert the Court must require in granting any voluntary dismissal.  Defendants do not articulate with specificity any prejudice they will suffer if Ms. Venkler's request, as she has framed it, is granted.  Further, under the

4

circumstances of this case, the Court cannot conceive of any prejudice the defendants will suffer. Consequently, Ms. Venkler's request to dismiss her claims with prejudice will be granted.

Defendants assert also that two additional conditions are required - payment of costs and attorneys' fees and Ms. Venkler's participation in written discovery. With respect to defendants' motion for costs and attorneys' fees, it has been stated that courts frequently award costs and attorneys' fees when a plaintiff dismisses a suit without prejudice under Rule 41(a)(2), see Degussa, 471 F.Supp.2d at 852; see also Luckey v. Butler County, 2006 WL 91592 (S.D. Ohio Jan. 13, 2006), although such awards are by no means mandatory. Bridgeport Music v. Universal-MCA Music Publ., 583 F.2d 948 (6th Cir. 2009). Such awards have been used to compensate defendants for reasonable expenses and to reduce the risk that the same suit will be refiled. Id. However, costs and attorneys' fees generally are not awarded pursuant to Rule 41(a)(2) when a plaintiff moves to voluntarily dismiss with prejudice. Lum v. Mercedes Benz, USA, L.L.C., 246 F.R.D. 544 (N.D. Ohio 2007); see also Luckey citing Spar Gas, Inc v. AG Propane, Inc. 1992 WL 172129 (6th Cir. July 22, 1992). An exception to the general rule may include instances where there exists independent statutory authority for such an award or where exceptional circumstances exist. Degussa at 853. Absent such circumstances, it may well be the case that the Court lacks the authority to make such an award. See Smart v. Fox, 353 F.2d 830 (6th Cir. 1965); cf. Wakefield v. Children's Hosp., Inc., 2009 WL 588021 (S.D. Ohio March 6, 2009).

Here, Ms. Venkler is seeking to voluntarily dismiss with prejudice all of her claims. To the extent defendants suggest that there is some statutory authority for an award of attorneys' fees in this Lanham Act case, such awards are only considered upon a showing of exceptional circumstances and are within the

court's discretion.  See Johnson v. Jones, 149 F.3d 494 (6th Cir. 1998).  The defendants have not demonstrated exceptional circumstances in this case sufficient to support an award of costs and fees either under the Lanham Act or otherwise.  Consequently, the Court does not consider proper any condition of dismissal requiring payment of costs or attorneys' fees.

Finally, with respect to defendants' proposed condition regarding Ms. Venkler's participation in discovery, the Court will decline to require such a condition.  As noted by Ms. Venkler, much of the discovery she would provide in this case will likely be duplicative of that provided by other plaintiffs.  Further, in the event that turns out not to be the case, defendants have other options available for obtaining the information, including taking discovery from her in the consolidated action in which she remains a defendant.

## IV. Disposition

For the foregoing reasons, plaintiff Tammy Venkler's request to dismiss her claims WITH PREJUDICE (#53) is GRANTED as outlined above.  Defendants' motion for attorneys' fees and costs (#55) is DENIED.

IT IS SO ORDERED.


/s/ George C. Smith
George C. Smith
United States District Judge