```
             IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF OHIO
                       EASTERN DIVISION
```

Fredericka Wagner, et al.,

      Plaintiffs,

      v.                                   Case No. 2:08-cv-431

Circle W Mastiffs, et al.,             JUDGE SMITH
                                             Magistrate Judge Kemp
      Defendants.


Craig W. Williamson,

      Plaintiff,

      v.                                   Case No. 2:09-cv-0172

American Mastiff Breeders             JUDGE SMITH
Council, et al.,                      Magistrate Judge Kemp

      Defendants.

<u>ORDER</u>

    These consolidated cases are before the Court to consider two motions.  The first, a motion to amend the answer and counterclaim, was filed in Case No. 2:08-cv-431 by defendants Craig W. Williamson doing business as Circle W Mastiffs and Jennifer Williamson.  The second, a motion to amend the complaint, was filed in Case No. 2:09-cv-172 by Mr. Williamson.  Both motions have been fully briefed.  For the following reasons, the motions will be denied.

I.  <u>Background</u>

    The Court has detailed the background and facts of these cases involving the sale of American Mastiff puppies at great length in numerous previous orders.  Consequently, it will not do so here.  For purposes of the current motions, however, some discussion of the current status of these cases is in order.

Case No. 2:08-cv-431, or, for ease of reference, the Lanham Act case, was filed by Fredericka Wagner, Flying W Farms, and several other American Mastiff breeders (the Flying W parties) against the Williamsons.  By order dated March 12, 2010, the Court granted in part and denied in part the Flying W parties' motion to dismiss the Williamsons' counterclaim.  The Court dismissed the Williamsons' counterclaims for breach of contract, breach of duty of good faith, contribution, and implied and equitable indemnity.  In light of that ruling, the Williamsons' counterclaims for fraud/fraudulent inducement and negligent misrepresentation remain pending in the Lanham Act case.

Case No. 2:09-cv-172, or, for ease of reference, the Antitrust Action, was filed by Mr. Williamson against the Flying W parties.  By order dated August 10, 2010, the Court granted in part and denied in part the Flying W parties' motion to dismiss Mr. Williamson's first amended complaint.  The Court dismissed the antitrust claims as well as claims for conspiracy, fraud, and injunctive relief.  In the same order, the Court denied Mr. Williamson's request to file a second amended complaint because he had provided neither a proposed complaint nor a discussion of the substance of any amendments.  Consequently, Mr. Williamson's claims for defamation, libel/slander, and intentional interference with a business relationship remain pending in the Antitrust Action.

Further, on June 29, 2010, the Court granted Tammy Venkler's motion to dismiss her claims against the Williamsons with prejudice in the Lanham Act case.  Similarly, on November 18, 2010, the Court granted Kerry Mikalchus, d/b/a Lazy M American Mastiffs' motion to dismiss her claims against the Williamsons with prejudice in that same case.  On December 20, 2010, stipulations of dismissal were filed in both cases by all parties

relating to all claims involving Bill Berger, Kerry Mikalchus, and Jim Taylor.

For purposes of clarity, in addition to the Williamsons, the following parties remain.  In the Lanham Act case, the current plaintiffs/counterdefendants are Fredericka Wagner, Flying W Farms, American Mastiff Breeders Council, Connie Hammond d/b/a Sycamore Creek Kennels, Diane St. Martin d/b/a Hidden Acres Farm, Sandy Berger d/b/a American Mastiff, Cameran Pridmore d/b/a Capell Creek Ranch and Kennels, Sandy Taylor d/b/a Deepwood Acres American Mastiffs, and Kevin and Melanie Ware d/b/a Orion Farms.  In the Antitrust Action, the current defendants include the above parties and also Tammy Venkler and Candace Ware.

In light of the recent stipulation dismissing all claims against Ms. Mikalchus in the Antitrust Action, the following motions, as assigned in Case No. 2:09-cv-172, will be denied as moot - motion to compel (Doc. #64), motion to sustain objection to request for admissions (Doc. #70), motion for reconsideration (Doc. #75), and motion for extension of time (Doc. #83).  The Williamsons' motion for an extension of time (Doc. #84) also will be denied as moot.  Similarly, the corresponding motions in Case No. 2:08-cv-431, Doc. ##74, 80, 85, 93, 94, and 95, will be denied as moot.

Finally, for purposes of the current motions to amend, the preliminary pretrial order issued in both cases and filed May 22, 2009, established October 29, 2009, as the deadline for motions to amend the pleadings.  The Williamsons filed their motion to amend the answer and counterclaim in the Lanham Act case on October 6, 2010.  Mr. Williamson filed his motion to amend the first amended complaint in the Antitrust Action on October 13, 2010.  Both motions to amend, therefore, have been filed nearly one year after the established deadline.

II.  The Motions for Leave to Amend

A.  The Answer and Counterclaim

　　　The Williamsons seek to amend their answer as it relates to paragraphs 1 through 6, 12 and 13 of the complaint.  They also seek to add thirty-two affirmative defenses directed to "the development and/or creation of the American Mastiff."  See Defendants' Motion to Amend Answer and Counterclaim (Doc. #75), p. 8.  With respect to their counterclaim, they seek to include newly discovered information, "more accurately" state claims of fraud and negligent misrepresentation, and include a claim for breach of express warranty for future performance.  Id.

　　　According to the Williamsons, evidence discovered during the depositions of two employees of the Continental Kennel Club provides the basis for these proposed amendments.  These depositions were conducted on March 24 and 25, 2010.  The Williamsons contend that, during these depositions, they discovered records maintained by the CKC which provide evidence that Ms. Wagner and Flying W Farms intentionally misrepresented the pedigree of the dogs purchased by the Williamsons.  For example, the Williamsons assert that this information demonstrates that the American Mastiff breed is not new, unique, or purebred and was not created by Ms. Wagner and Flying W Farms, that breed standards with respect to the requirement of a black mask have not been constant, and that the term American Mastiff is simply a "generic" or "descriptive" name.

　　　The Flying W parties oppose amendment on grounds of prejudice asserting that they relied on the Williamsons' admissions and did not pursue any questions relating to matters not believed to be in dispute during the depositions of the CKC employees.  Additionally, they claim they will be prejudiced by the Williamsons' assertion of additional affirmative defenses because of the additional discovery which will be required.  Further, they contend that the amended counterclaim is futile

because three of the proposed claims are time-barred and the Court has already found the fourth claim to be without merit.

### B. The First Amended Complaint

In his motion to amend the first amended complaint, Mr. Williamson seeks to address the deficiencies in his fraud claim noted by the Court in its order of August 10, 2010.  Further, he seeks to add a negligent misrepresentation claim against Flying W Farms and Ms. Wagner, clarify his intentional interference with a business relationship claim, and assert a claim for intentional interference with prospective contractual relations against all defendants.

As with the other motion, Mr. Williamson relies on the evidence obtained during the depositions of CKC employees in March, 2010.  In this motion, however, Mr. Williamson provides slightly more detail regarding the nature of the evidence obtained during the depositions.  For example, he notes Ms. Wagner's application for registration of nine American Mastiffs with the CKC submitted in March, 1996, Ms. Wagner's breed standard for the American Mastiff submitted to the CKC in March, 1996, a Flying W Farms advertisement from December, 1998, and a letter from Ms. Wagner to the CKC from May, 2000, regarding the registration of a particular English Mastiff as an American Mastiff.

The Flying W parties oppose the motion initially on grounds that Mr. Williamson is using it as a means to obtain reconsideration of the Court's order issued August 10, 2010. Further, they contend that they will be prejudiced by any amendment both because of the impact it will have on discovery and because of the expense associated with the motions practice surrounding Mr. Williamson's complaints.  Additionally, they argue that any amendment is futile because Mr. Williamson has not sufficiently pled diversity jurisdiction and because his claims

are either time-barred or simply lack merit.

### III. Analysis

In both the motions, the Williamsons recognize that the October 29, 2009 deadline for seeking leave to amend a pleading has passed.  They contend, with passing reference to Fed.R.Civ.P. 16(b), that "to the extent [the Memorandum of First Pretrial Conference] can be considered a scheduling order, [it] should be modified...."  See Defendant's Motion for Leave to Amend Answer and Counterclaim (Doc. #75), p. 5; Plaintiff's Motion to Amend First Amended Complaint (Doc. #68), p. 11.  Further, they detail the procedural history of the two cases, including the extensive motions practice, and suggest that no prejudice will result to the Flying W parties from these proposed amendments.  As discussed below, however, prejudice to the opposing party, although a factor, is not the primary factor to be considered by the Court when addressing a motion for leave to amend outside the established deadline.  Because both motions raise the same issue, the Court will consider them together.

Fed.R.Civ.P. 15(a) states that when a party is required to seek leave of court in order to file an amended pleading, "leave shall be freely given when justice so requires."  However, when, as here, the deadline established by the Court's scheduling order has passed, the Sixth Circuit has made clear that, "a plaintiff must first show good cause under Rule 16(b) for failure earlier to seek leave to amend" and the Court "must evaluate prejudice to the nonmoving party 'before a court will [even] consider whether amendment is proper under Rule 15(a).'"  Commerce Benefits Group, Inc v. McKesson Corp., 326 Fed. Appx. 369, 376 (6th Cir. 2009)(quoting Leary v. Daeschner, 349 F.3d 888, 909 (6th Cir. 2003)); see also Hill v. Banks, 85 Fed. Appx. 432, 433 (6th Cir. 2003).  Consequently, the Court is permitted to examine the standard factors governing amendments of the complaints under

-6-

Rule 15(a) only if it is satisfied that the date for the filing of a motion for leave to amend is properly extended under the good cause provisions of Rule 16(b).

Further, although the Court has broad discretion to modify its own pretrial orders, it must be remembered that "[a]dherence to reasonable deadlines is ... critical to maintaining integrity in court proceedings," Rouse v. Farmers State Bank, 866 F.Supp. 1191, 1199 (N.D. Iowa 1994), and that pretrial scheduling orders are "the essential mechanism for cases becoming trial-ready in an efficient, just, and certain manner." Id. at 1198. In evaluating whether the party seeking modification of a pretrial scheduling order has demonstrated good cause, the Court is mindful that "[t]he party seeking an extension must show that despite due diligence it could not have reasonably met the scheduled deadlines." Deghand v. Wal-Mart Stores, 904 F.Supp. 1218, 1221 (D. Kan. 1995). The focus is primarily upon the diligence of the movant; the absence of prejudice to the opposing party is not equivalent to a showing of good cause. Tschantz v. McCann, 160 F.R.D. 568, 571 (N.D. Ind. 1995). Of course, "[c]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." Dilmar Oil Co. v. Federated Mut. Ins. Co., 986 F.Supp. 959, 980 (D.S.C. 1997). Further, although the primary focus of the inquiry is upon the moving party's diligence, the presence or absence of prejudice to the other party or parties is a factor to be considered. Inge v. Rock Financial Corp., 281 F.3d 613 (6th Cir. 2002).

Here, the Williamsons have offered essentially no explanation for seeking leave to amend nearly one full year after the established deadline, instead focusing their argument primarily on the more liberal standard of Fed.R.Civ.P. 15(a). At most, they assert that recently discovered evidence obtained during depositions held during two days in late March, 2010, has

necessitated their seeking leave to amend now.  The significance of this argument, however, is greatly diminished by the fact that they waited more than six months after obtaining this evidence before seeking leave to amend.  The Williamsons, in addition to failing to acknowledge in the first instance that the depositions were held long after the deadline for amending had passed, have offered no basis for such an additional lengthy delay.

Also weighing heavily against the significance of this recently obtained evidence is the nature of the proposed amendments themselves.  That is, many of the Williamsons' proposed amendments allegedly relying on this new evidence appear to focus on semantics over substance.  Moreover, they do not suggest such a complexity of issues that the proposed amendments could not have been pursued immediately following the Williamsons' receipt of any new evidence rather than six months later.  The proposed amendment to their original answer to paragraph 3 of the complaint exemplifies this.  Paragraph 3 of the complaint states:

> 3. Plaintiff, the American Mastiff Breeders' Council ("AMBC") is an organization of American Mastiff breeders charged with protecting, preserving, and promoting the true purebred American Mastiff. The AMBC sets the standards for the American Mastiff breed recognized by the Continental Club.

In their original answer, the Williamsons stated that "[w]ith regard to paragraph 3., these defendants admit that the American Mastiff Breeders Council (AMBC) is an organization of American Mastiff Breeders but deny the remaining allegations of paragraph 3."  They now propose the following amendment:

> With regard to paragraph 3, these Defendants admit the American Mastiff Breeders Council (AMBC) is an organization of American Mastiff Breeders and that the AMBC sets forth a standard

> for the American Mastiff which standard has been modified numerous times.  Defendants admit the American Mastiff was recognized by the Continental Kennel Club in January, 2000 as a new breed of canine.  In addition Defendants admit the Continental Kennel Club's website at http://continentalkennel club.com provides a general description of the appearance and temperament of the American Mastiff.  Defendants deny the remaining allegations of paragraph 3.

Moreover, the Court believes that, with the exercise of even minimal diligence, the Williamsons would have been able to pursue their proposed amendments within the established time frame.  As noted above, much of the evidence they claim as newly discovered dates back to the late 1990's, and some of it, based on their represented time frames, predates their entry into the business of breeding American Mastiffs.  The Court finds it quite reasonable to expect that much of this information either was or easily would have been available to the Williamsons as they established and pursued their business.  The Williamsons, however, have not acknowledged nor addressed this issue.

Additionally, Mr. Williamson's suggestion that he should be permitted to pursue a second amended complaint to assert fraud with greater particularity in light of the Court's recent denial of his motion also is undercut by the unexplained two-month lapse between the issuance of the Court's order and the filing of his current motion.

Based on the record before it, the Court cannot conclude that the Williamsons exercised due diligence in moving for leave to amend nearly one year after the deadline.  Accordingly, the Williamsons have not established the good cause required for a modification of the case schedule under Rule 16(b) and the Court need not undertake any analysis under Rule 15(a).  Consequently, the motion for leave to amend will be denied.

## IV. Conclusion

Based on the foregoing, the motion for leave to amend the answer and counterclaim in Case No. 2:08-cv-431 (Doc. #75) is denied.  Further, the motion for leave to amend the first amended complaint in Case No. 2:09-cv-172 (Doc. #68) is denied.

The following motions, as assigned in Case No. 2:09-cv-172 (Doc. ##64, 70, 75, 83, and 84) and as assigned in Case No. 2:08-cv-431 (Doc. ##74, 80, 85, 93, 94, and 95), are denied as moot and shall be removed from the Court's pending motions list.

## V. Procedure for Reconsideration

Any party may, within fourteen days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge.  28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 91-3, pt. I., F., 5.  The motion must specifically designate the order or part in question and the basis for any objection.  Responses to objections are due fourteen days after objections are filed and replies by the objecting party are due seven days thereafter.  The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or District Judge.  S.D. Ohio L.R. 72.4.


/s/ Terence P. Kemp
United States Magistrate Judge