IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| FREDERICKA WAGNER, et al., | : | |
| | : | |
| Plaintiffs, | : | Civil Action No. 2:08cv431 |
| | : | |
| v. | : | |
| | : | Judge Smith |
| CIRCLE W MASTIFFS, et al., | : | |
| | : | Magistrate Judge Kemp |
| Defendants. | : | |
| | : | |
| CRAIG W. WILLIAMSON, | : | Civil Action No. 2:09cv172 |
| | : | |
| Plaintiff, | : | |
| | : | Judge Smith |
| v. | : | |
| | : | Magistrate Judge Kemp |
| AMERICAN MASTIFFS | : | |
| BREEDERS COUNCIL, et al., | : | |
| | : | |
| Defendants. | : | |

**PROTECTIVE ORDER**

It is hereby stipulated and agreed by and between counsel for the AMBC parties

and Jennifer & Craig Williamson, hereafter referred to as "the Williamsons", that the terms and

conditions of this Stipulated Protective Order shall govern the handling of documents, answers to

interrogatories, depositions, pleadings, exhibits and other information either exchanged by the

parties or obtained from non-parties in this action:

1.      This Order shall be applicable to and govern all depositions, documents

produced in response to requests for production of documents, answers to interrogatories,

responses to requests for admissions, documents produced in response to subpoena, and all other

discovery taken pursuant to the Federal Rules of Civil Procedure, as well as testimony adduced

at trial, matters in evidence and other information which the disclosing party designates as "CONFIDENTIAL MATERIALS" or "ATTORNEYS ONLY MATERIAL", directly or indirectly, by or on behalf of any party or any non-party witness in connection with this action. As used herein, "party" shall refer to the parties to this action, members, and to non-party witnesses.

2.     In designating information as "CONFIDENTIAL MATERIALS" or "ATTORNEYS ONLY MATERIAL," a party shall make such a designation only as to materials which that party in good faith believes constitutes such material or matter used by it in, or pertaining to, its business or personal affairs, which matter is not generally known and which the party would normally not reveal to third parties or would cause third parties to maintain in confidence. "CONFIDENTIAL MATERIALS" and "ATTORNEYS ONLY MATERIAL" shall be used by the parties to this litigation or any person to whom such materials are revealed pursuant to this Order, solely for the purpose of conducting this litigation, but not for any other purpose whatsoever, and such materials shall not be disclosed in any manner to anyone except as provided here.

3.     Information designated as "CONFIDENTIAL MATERIAL" may be disclosed only to the following persons:

a.     The attorneys working on this action on behalf of any party, including in-house attorneys, paralegal assistants, stenographic and clerical employees working under the direct supervision of such counsel.   Additionally, any "CONFIDENTIAL MATERIAL"  the Williamsons request the Court to see pursuant to Paragraph 13, and the Court so authorizes, will be disclosed to the Williamsons;

b.      Any person not employed by a party who is expressly retained or sought to be retained by any attorney / the Williamsons described in paragraph 3(a) to assist in preparation of this action for trial, with disclosure only to the extent necessary to perform such work;

c.      Upper level corporate managers, with disclosure only to the extent necessary to perform their work;

d.      Any person of whom testimony is taken, except that such person may only be shown copies of "CONFIDENTIAL MATERIAL" during his testimony, and may not retain any "CONFIDENTIAL MATERIAL;" and

e.      The Court.

4.      Any "CONFIDENTIAL MATERIAL" which a party believes should not be disclosed to a director, officer, member, or employee of any other party may be designated by the party at the time of disclosure of such information as "ATTORNEYS ONLY MATERIAL." The parties contemplate that "ATTORNEYS ONLY MATERIAL," shall include but not be limited to, customer, economic, financial, and marketing data and information, research and development and technical information, trade secret information, and current and future business plans of a highly sensitive nature.   Information designated as "ATTORNEYS ONLY MATERIAL" may not be disclosed to any party or employee of a party and may be disclosed only to the following persons:

a.      The attorneys working on this action on behalf of any party and all paralegal assistants, stenographic and clerical employees working under the direct supervision of such counsel.  Additionally, any "ATTORNEYS ONLY MATERIAL" the Williamsons request

the Court to see pursuant to Paragraph 13, and the Court so authorizes, will be disclosed to the Williamsons;

> b.     Any person not employed by a party who is expressly retained or sought to be retained by any attorney / the Williamsons described in paragraph 5(a) to assist in preparation of this action for trial, with disclosure only to the extent necessary to perform such work;

> c.     Any person of whom testimony is taken, except that such person may only be shown copies of "ATTORNEYS ONLY MATERIAL" during his testimony, and may not retain any such material; and

> d.     The Court.

> 5.     The persons described in paragraphs 3(a), (b), (c) and (d) shall have access to the "CONFIDENTIAL MATERIAL" and the persons described in paragraphs 4(a), (b), (c) and (d) shall have access to the "ATTORNEYS ONLY MATERIAL" once they have been made aware of the provisions of this Order and have manifested their assent to be bound thereby by signing a copy of the annexed "ACKNOWLEDGMENT."  A list shall be maintained by counsel / the Williamsons for the parties hereto of the names of all persons to whom "CONFIDENTIAL MATERIAL" or "ATTORNEYS ONLY MATERIAL" is disclosed, or to whom the information contained therein is disclosed, and such list shall be available for inspection by the Court, the Williamsons, and opposing counsel upon request.  Similar but separate lists shall also be maintained with respect to "CONFIDENTIAL MATERIAL" or "ATTORNEYS ONLY MATERIAL" provided by third parties.  At the time of the termination of this lawsuit by settlement judgment or otherwise, the parties hereto shall provide other counsel / the Williamsons with a copy of the pertinent aforementioned lists. The persons receiving

4

"CONFIDENTIAL MATERIAL" or "ATTORNEYS ONLY MATERIAL" are enjoined from disclosing it to any other person, except in conformance with this Order.

6.      Each individual who receives any "CONFIDENTIAL MATERIAL" or "ATTORNEYS ONLY MATERIAL" hereby agrees to subject himself/herself to the jurisdiction of this Court for the purpose of any proceedings relating to the performance under, compliance with or violation of this Protective Order.

7.      Each person given access to "CONFIDENTIAL MATERIAL" or "ATTORNEYS ONLY MATERIAL," shall, prior to being given such access, be advised of the terms of this Order and shall become subject to its terms, including, without limitation, the provisions that such "CONFIDENTIAL MATERIAL" or "ATTORNEYS ONLY MATERIAL" may not be disclosed other than as described in Paragraphs 3 and 4 above and shall be used solely for the purposes of this proceeding.  Any person falling under subparts (b), (c)  and (d) of Paragraphs 3 and 4 above who is given access to  "CONFIDENTIAL MATERIAL" or "ATTORNEYS ONLY MATERIAL," shall, prior to being given such access, be advised of the terms of this Order and sign an acknowledgment, in the form substantially similar to Exhibit A hereto, agreeing to be subject to its terms.

8.      The recipient of any "CONFIDENTIAL MATERIAL" or "ATTORNEYS ONLY MATERIAL" that is provided under this Order shall maintain such information in a secure and safe area and shall exercise the same standard of due and proper care with respect to the storage, custody, use and/or dissemination of such information as is exercised by the recipient with respect to its own proprietary information.

9.      Parties    shall    designate    "CONFIDENTIAL    MATERIAL"    or "ATTORNEYS ONLY MATERIAL" as follows:

a.      In the case of documents, interrogatory answers, responses to requests to admit, and the information contained therein, designation shall be made by placing the following legend on any such document prior to production: "CONFIDENTIAL MATERIAL" or "ATTORNEYS ONLY MATERIAL" In the event that a party inadvertently fails to stamp or otherwise designate a document or other information as "CONFIDENTIAL MATERIAL" or "ATTORNEYS ONLY MATERIAL" at the time of its production, that party shall have five (5) business days after such production to so stamp or otherwise designate the document or other information.

b.      In the case of depositions, designation of the portion of the transcript (including exhibits) which contains "CONFIDENTIAL MATERIAL" or "ATTORNEYS ONLY MATERIAL" shall be made by a statement to such effect on the record in the course of the deposition or, upon review of such transcript, by counsel for the party / the Williamsons to whose "CONFIDENTIAL MATERIAL" or "ATTORNEYS ONLY MATERIALS" the deponent has had access, said counsel / the Williamsons shall designate within seven (7) days after counsel's / the Williamsons' receipt of the transcript or entry of this Order, whichever is later. Counsel / the Williamsons shall list on a separate piece of paper the numbers of the pages of the transcript containing "CONFIDENTIAL MATERIAL" or "ATTORNEYS ONLY MATERIAL" inserting the list at the end of the transcript, and mailing copies of the list to counsel / the Williamsons for all parties so that it may be affixed to the face of the transcript and each copy thereof. Pending such designation by counsel / the Williamsons, the entire deposition transcript, including exhibits, shall be deemed "CONFIDENTIAL MATERIAL," unless counsel / the Williamsons during the deposition states that the information is "ATTORNEYS ONLY MATERIAL."  If no designation is made within seven (7) days after

receipt of the transcript or entry of this Order, the transcript shall be considered not to contain any "CONFIDENTIAL MATERIAL" or "ATTORNEYS ONLY MATERIAL."

        c.      Transcripts of depositions will not be filed with the Court unless it is necessary to do so for purposes of trial, motions for summary judgment, or other matters. If a deposition transcript is filed and if it contains "CONFIDENTIAL MATERIAL" or "ATTORNEYS ONLY MATERIAL" the transcript shall bear the appropriate legend on the caption page and shall be filed under seal.

        10.      In the event that discovery is sought from a third party, a copy of this Stipulated Protective Order shall be enclosed with any subpoena sent, and a third party may, in its discretion, choose to avail itself of the terms of this Stipulated Protective Order.

        11.      In the event that materials are obtained from third parties that a party to this litigation believes contains material that should be marked "CONFIDENTIAL MATERIAL" or "ATTORNEYS ONLY MATERIAL," that party shall have five days after the receipt of those documents or the entry of this Order, whichever occurs later, to so designate those materials.

        12.      The receipt by a party of "CONFIDENTIAL MATERIAL" or "ATTORNEYS ONLY MATERIAL" shall not in any way limit the ability of that party to seek third party discovery based on the information learned from that material.

        13.      A party shall not be obligated to challenge the propriety of a "CONFIDENTIAL MATERIAL" or "ATTORNEYS ONLY MATERIAL" designation at the time made, and failure to do so shall not preclude a subsequent challenge thereto. In the event that any party to this litigation disagrees at any stage of these proceedings with such designation, such party shall provide to the producing party written notice of its disagreement with the designation. The parties shall first try to dispose of such dispute in good faith on an informal

7

basis. If the dispute cannot be resolved, the party challenging the designation may request appropriate relief from the Court, but in any event, such relief from the Court shall not be requested before ten (10) days after the producing party is served with said written notice. The burden of proving that information has been properly designated as "CONFIDENTIAL MATERIAL" or "ATTORNEYS ONLY MATERIAL" is on the party making such designation.

14.    The Clerk of the Court is directed to maintain under seal all documents and all transcripts of deposition testimony filed with this Court in this litigation by any party which are, in whole or in part, designated as "CONFIDENTIAL MATERIAL" or "ATTORNEYS ONLY MATERIAL," including all pleadings, deposition transcripts, exhibits, discovery responses or memoranda purporting to reproduce or paraphrase such information. The person filing such material shall designate to the Clerk that all or a designated portion thereof is subject to this Order and is to be kept under seal, except that upon the default of the filing party to so designate, any party may do so.

15.    The inadvertent failure by a party to file under seal any "CONFIDENTIAL MATERIAL" or "ATTORNEYS ONLY MATERIAL," marked as set forth in this Order, in no way alters or waives the protection and confidential nature of such materials, which remain subject to the restrictions and limitations set forth in this Order.  In the event that a party fails to file any "CONFIDENTIAL MATERIAL" or "ATTORNEYS ONLY MATERIAL" with the Court under seal, the opposing party may notify the Clerk of the Court that the material is properly designation as "CONFIDENTIAL MATERIAL" or "ATTORNEYS ONLY MATERIAL" and request in writing that materials be placed under seal.  A copy of this Order shall be attached to any such written request and a copy of the written request must be served by facsimile, email, and/or hand-delivery upon the party who had filed the materials with the Court.

Upon receipt of such a request, the Clerk shall take all steps necessary to maintain the materials under seal pursuant to this Order.

16.     In the event that any "CONFIDENTIAL MATERIAL" or "ATTORNEYS ONLY MATERIAL" is used in any court proceeding in connection with this litigation, it shall not lose its "CONFIDENTIAL MATERIAL" or "ATTORNEYS ONLY MATERIAL" status through such use, and the parties shall take all steps reasonably required to protect its confidentiality during such use.

17.     Nothing in this Order shall preclude any party to the lawsuit, their attorneys or any other person from disclosing or using, in any manner or for any purpose, any information or documents not obtained in discovery in this lawsuit, if such information is lawfully obtained from a third party having the right to disclose such information, even though the same information or documents may have been produced in discovery in this lawsuit and designated as "CONFIDENTIAL MATERIAL" or "ATTORNEYS ONLY MATERIAL."

18.     Nothing in this Order shall preclude any party to the lawsuit or their attorneys (a) from showing a document designated as "CONFIDENTIAL MATERIAL" or "ATTORNEYS ONLY MATERIAL" to an individual who either prepared or reviewed the document prior to the filing of this action, or (b) from disclosing or using, in any manner or for any purpose, any information or documents from the party's own files which the party itself has designated as "CONFIDENTIAL MATERIAL" or "ATTORNEYS ONLY MATERIAL."

19.     The parties hereby agree that treatment of any information as "CONFIDENTIAL MATERIAL" or "ATTORNEYS ONLY MATERIAL" for the purposes of this Order shall not constitute any admission or evidence in this litigation that such information

9

constitutes contractually, statutorily, or otherwise protected confidential business, trade secret, or proprietary information.

20.     Within sixty (60) days of the termination of litigation between the parties, all "CONFIDENTIAL MATERIAL," all "ATTORNEYS ONLY MATERIAL," and all copies thereof shall be returned to the party which produced it.

21.     To the extent documentary or deposition discovery is sought by any party to this litigation from any non-party to this action, the non-party that is the subject of such discovery may, by written notice to the parties prior to the time such discovery responses become due or prior to the date of deposition, avail himself, herself or itself of the protections of this Order, and make any production of documents or give any deposition testimony subject to the provisions and restrictions contained herein.  A copy of this protective order shall be enclosed with any discovery request or subpoena made of or served on a non-party.

22.     Except as specifically provided herein, the terms, conditions, and limitations of this Order shall survive the termination of this action.

23.     This Stipulated Protective Order is without prejudice to the right of any party or non-party to seek relief from the Court, upon good cause shown, from any of the provisions contained in paragraph 1 through 23, inclusive hereof.



IT IS SO ORDERED.


                                                    /s/ Terence P. Kemp                          
                                                    United States Magistrate Judge

EXHIBIT A

## **ACKNOWLEDGMENT**

The undersigned hereby acknowledges that he/she has read the Stipulated Protective Order which was entered by the Court on _____ in the above-captioned cases, that he/she is one of the persons contemplated in paragraphs 3 or 4 thereof as authorized to receive disclosure of information designated "CONFIDENTIAL MATERIAL" OR "ATTORNEYS ONLY MATERIAL," respectively, by either of the parties or by non-parties, and that he/she fully understands and agrees to abide by the obligations and conditions of the Protective Order.


_____
(Signature)


_____
(Title or Position)

Dated: _____

11