IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Fredericka Wagner, *et al.*, | ) | |
| | ) | Case No. 2:08-cv-431 |
| Plaintiffs, | ) | |
| | ) | Judge Smith |
| v. | ) | Magistrate Judge Kemp |
| | ) | |
| Circle W Mastiffs, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| Craig W. Williamson, | ) | Consolidated |
| | ) | Case No. 2:09-cv-172 |
| Plaintiff, | ) | |
| | ) | Judge Smith |
| v. | ) | Magistrate Judge Kemp |
| | ) | |
| American Mastiff Breeders Council, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MOTION TO COMPEL PRODUCTION OF SETTLEMENT AGREEMENT**

Plaintiffs Diane St. Martin, Cameran Pridmore, and Sandy Taylor ("Plaintiffs") respectfully move this Honorable Court for an Order compelling Craig and Jennifer Williamson and the Circle W. Mastiffs ("Williamsons") and Plaintiffs Fredericka Wagner and the Flying W Farms, Inc. ("Wagner")[1] to produce a settlement agreement that was recently reached between

---

[1] The Williamsons and Wagner have filed what they purport to be a "Stipulation of Dismissal" based on the alleged settlement. (Doc. 158). The Stipulation, however, does not comply with Fed. R. Civ. P. 41(a) as all parties who have appeared in the action have not stipulated to the dismissal.

them in the instant case. Plaintiffs have endeavored to resolve this issue with the parties but they have both refused to voluntarily produce the settlement agreement without a court order.[2]

Accordingly, as set forth in the memorandum attached hereto and incorporated, this Court should order the production of the settlement agreement.

>Respectfully submitted,
>
>*/s/ Debra J. Horn*
>Alan N. Hirth (0021953)
>*ahirth@meyersroman.com*
>Debra J. Horn (0037386)
>*dhorn@meyersroman.com*
>Meyers, Roman, Friedberg & Lewis
>28601 Chagrin Blvd., Suite 500
>Cleveland, Ohio 44122
>Telephone: 216-831-0042
>Fax: 216-831-0542
>Counsel for Plaintiffs Diane St. Martin,
>Cameran Pridmore, and Sandy Taylor

---

[2] Attached hereto are the email communications with the Williamsons and Wagner's counsel voicing their refusal to produce the settlement agreement without a Court Order. (Exhibit A).

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Fredericka Wagner, *et al.*, | ) | |
| | ) | Case No. 2:08-cv-431 |
| Plaintiffs, | ) | |
| | ) | Judge Smith |
| v. | ) | Magistrate Judge Kemp |
| | ) | |
| Circle W Mastiffs, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

_____

| | | |
|---|---|---|
| Craig W. Williamson, | ) | Consolidated |
| | ) | Case No. 2:09-cv-172 |
| Plaintiff, | ) | |
| | ) | Judge Smith |
| v. | ) | Magistrate Judge Kemp |
| | ) | |
| American Mastiff Breeders Council, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM IN SUPPORT OF MOTION TO COMPEL
PRODUCTION OF SETTLEMENT AGREEMENT**

Plaintiffs Diane St. Martin, Cameran Pridmore, and Sandy Taylor ("Plaintiffs") respectfully request that this Honorable Court compel Craig and Jennifer Williamson and the Circle W. Mastiffs ("Williamson") and Plaintiffs Fredericka Wagner and the Flying W Farms, Inc. ("Wagner") to produce a settlement agreement that was recently reached between them based on the reasons and authorities set forth below.

I.  **BACKGROUND**

On or around May 6, 2008, Wagner, as lead plaintiff and the Plaintiffs, among others, filed a Complaint against the Williamsons based on Lanham Act violations. (Doc. 2). Shortly thereafter, Craig Williamson filed an action in the United States District Court for the District of Nevada naming Wagner and Plaintiffs as defendants. The Nevada case was transferred and this Court subsequently consolidated both cases. (Doc. No. 9). In an amended complaint, Williamson asserted eleven causes of action including violations of the Sherman Act, Clayton Act, defamation, and interference with business relationships.[3] (Doc. No. 38).

As alleged in the Wagner/Plaintiffs Complaint and in the Williamsons Complaint, the allegations relate to the American Mastiff dog breed. Wagner/Plaintiffs allege that the Williamsons advertised in interstate commerce and sold dogs claimed to be American Mastiffs of the breed created by Wagner when, in fact, these dogs were not American Mastiffs. Conversely, the Williamsons have alleged that Wagner/Plaintiffs have conspired to prevent new breeders such as the Williamsons from entering the American Mastiff market, have defamed the Williamsons by stating that their dogs do not meet breed standards and have interfered with the Williamsons' business relationships in selling American Mastiffs to current and prospective customers.

II.  **ARGUMENT**

    A.  Settlement Agreement And Amount Of Settlement Discoverable

The Williamsons and Wagner claim they cannot produce a copy of the settlement agreement because they have designated it as "confidential." When a party settles with some but not all of the opposing parties, even a confidential settlement agreement is discoverable by

---

[3] Only claims related to defamation and tortious interference remain as the other claims were dismissed by this Court. (Doc. No. 55).

the remaining parties. *Tanner v. Johnston*, 2013 U.S. Dist. LEXIS 3512 (D. Utah 2013) ("settlement agreements are not shielded from discovery merely because they are confidential"); *Board of Trs. v. Tyco Int'l. Ltd*., 253 F.R.D. 521, 523 (C.D. Cal. 2008) (finding that settlement agreements are discoverable, and that the "simple fact that the parties to the settlement agreement agreed to its confidentiality does not shield it from discovery."); *Am. Guar. & Liab. Ins. Co. v. CTA Acoustics, Inc*., 2007 U.S. Dist. LEXIS 26485, *12-13 (E.D. Ky. Apr. 9, 2007) (stating that "litigants may not shield otherwise discoverable information from disclosure to others merely by agreeing to maintain its confidentiality"); *Conopco, Inc. v. Wein*, 2007 U.S. Dist. LEXIS 27339, *14 (S.D.N.Y. Apr. 3, 2007) (the fact that the parties to the settlement agreement agreed to its confidentiality "does not shield it from discovery").

The settlement agreement between Wagner and the Williamsons is relevant for a number of reasons. First, Plaintiffs need to know how the settlement limits their potential liability. The Williamsons' recovery from Wagner has a direct impact on the Williamsons' remaining case against Plaintiffs. Because there is a **complete overlap of claims** by the Williamsons against Wagner, who settled, and the claims remaining against Plaintiffs, Plaintiffs should be informed as to the extent of the Williamsons' recovery on those claims. *See White v. Kenneth Warren & Son, Ltd*., 203 F.R.D. 364, 367 (N.D. Ill. 2001). "Courts have allowed discovery of settlement documents in order to allow parties to ascertain the extent of their liability." *Id*. (*citing Bennett v. La Pere*, 112 F.R.D. 136 (D.R.I. 1986)). Plaintiffs should not become—and will oppose becoming—a source of double recovery for the Williamsons if the settlement agreement shows that the Williamsons have been made whole on some, all, or parts of their claims. To anticipate the need for or extent of a trial in this case, Plaintiffs unavoidably need to know the terms of the

settlement agreement with the Williamsons and Wagner. Without this information, it is impossible for Plaintiffs to calculate the Williamsons' current alleged damages.[4]

Second, the settlement agreement is relevant because it could promote dispute resolution. Courts have recognized this as a benefit to disclosure. For example, in the *White* case, the court compelled disclosure of a settlement agreement reasoning in part that "the discovery could foster settlement talks, which in turn promotes judicial economy." 203 F.R.D. at 367. With the information from the settlement agreement in hand, Plaintiffs will be able to properly estimate the Williamsons' current alleged damages.

Third, Plaintiffs need to be able to evaluate how the settlement agreement affects pertinent witnesses relevant to the Williamsons' claims against them. Specifically, the lead Plaintiff and head of the AMBC, as well as the main target of the Williamsons' Amended Complaint, Fredericka Wagner, was a party to the settlement with the Williamsons. As the pleadings and various motions to dismiss reveal, a large majority of the alleged actions that form the bases for the Williamsons' theories of liability against Plaintiffs arise from Wagner's conduct. She in fact was the center of the transactions on which the Williamsons have based their claims. No doubt it was for this reason that the Williamsons only filed a counterclaim against Wagner when they filed an Answer to the Complaint filed by Wagner/Plaintiffs.

The settlement agreement could therefore help Plaintiffs to evaluate Ms. Wagner's potential bias, interest and credibility, based on the nature of the release she signed and the nature of the consideration provided. *White*, 203 F.R.D. at 367–68 (explaining that the potential for discovering evidence of a quid pro quo between a settling party serving as a witness supports disclosure of a settlement agreement). Ms. Wagner is the key witness in this case.

---

[4] To date, the Williamsons have not provided Plaintiffs with any documentary evidence of their alleged damages.

B.      Confidentiality Can Be Maintained While Disclosing the Settlement Agreement

Notwithstanding their need to know in this situation, Plaintiffs are not insensitive to the parties' concerns about confidentiality. Plaintiffs will be more than happy to stipulate to a protective order or consent to the confidentiality provisions of the settlement agreement.

## III.    CONCLUSION

For the foregoing reasons, this court should order the Williamsons and Wagner to produce a copy of their settlement agreement to Plaintiffs.

Respectfully submitted,

*/s/ Debra J. Horn*
Alan N. Hirth (0021953)
*ahirth@meyersroman.com*
Debra J. Horn (0037386)
*dhorn@meyersroman.com*
Meyers, Roman, Friedberg & Lewis
28601 Chagrin Blvd., Suite 500
Cleveland, Ohio 44122
Telephone:  216-831-0042
Fax: 216-831-0542
Counsel for Plaintiffs Diane St. Martin,
Cameran Pridmore, and Sandy Taylor

5

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on February 21, 2013, a copy of the foregoing *Motion to Compel and Memorandum in Support* was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

The following parties have been served via Regular U.S. Mail and electronic mail:

Craig Williamson
4110 Allen Road
Fallon, NV  89406
E-mail: *craigjen@cccomm.net*

Jennifer Williamson
4110 Allen Road
Fallon, NV  89406
E-mail: *jwilliamson@premiermagnesia.com*

Berger, Sandy
6610 Reside Road
Imlay City, MI  48444

Candace Ware
Kevin Ware
Melanie Ware
1460 Keysville-Bruceville Road
Keymar, MD  21757

　　　　　　　　　　　　　　　　　　　　*/s/ Debra J. Horn*_____
　　　　　　　　　　　　　　　　　　　　Debra J. Horn