IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Fredericka Wagner, *et al.*, | : | |
| Plaintiffs | : | Civil Action 2:08-cv-00431 |
| v. | : | Judge Smith |
| Circle W. Mastiffs, *et al.*, | : | Magistrate Judge Kemp |
| Defendants | : | |
| | : | |
| | : | |
| Craig. W. Williamson, | | |
| | : | |
| Plaintiff | | Civil Action 2:09-cv-00172 |
| | : | |
| v. | | Judge Smith |
| | : | |
| American Mastiff Breeders Council, *et al.*, | | Magistrate Judge Kemp |
| | : | |
| Defendants | : | |

**ORDER**

On February 20, 2013, counsel for Cameran Pridmore, Diane St. Martin, and Sandy Taylor and Craig Williamson participated in a telephone conference with Magistrate Judge Mark R. Abel to discuss whether the parties would like to participate in a mediation. The remaining parties proceeding *pro se* did not participate in the

telephone call. This may have been because their counsel withdrew after the Order noticing this telephone conference was filed.

There was a frank discussion about the parties' settlement positions. The represented parties want to know the terms of Mr. Williamson's settlement with Fredericka Wagner and Flying W Farms, but Mr. Williamson said that he could not provide that information because the agreement contained a confidentiality provision.

I continue to believe that this case should be settled because the amount of money any party might recover if the case goes to trial is not likely sufficient to justify the time, personal commitment, and expense of litigating this case to its conclusion. However, I am uncertain that a mediation would test[1] whether this case can be resolved by settlement.

To determine whether it is worth the parties' time and expense to participate in a mediation, I ask that each party provide me with a confidential settlement evaluation and a statement of their settlement position. I will not communicate their confidential settlement statement to any party, counsel or judge in this lawsuit.

Each party is DIRECTED to provide me with their confidential settlement evaluation and a statement of their settlement position on or before **March 18, 2013.** You

---

[1] Not all cases can be resolved by a fair, hard-bargained settlement. The success of a mediation is not judged by whether the parties reached a settlement but by whether there was good faith bargaining that permitted all the parties to learn whether there was a settlement amount that, however reluctantly, one party was willing to pay and the other willing to accept. Any negotiated settlement must be fair to all parties and represent an outcome that each believes is better than the risks and expense of continued litigation.

may communicate with me by emailing me at Abel_Chambers@ohsd.uscourts.gov or sending me a letter: Mark R. Abel, U.S. Magistrate Judge, 218 U.S. Courthouse, 85 Marconi Blvd., Columbus, Ohio 43215.

The Clerk of Court is DIRECTED to mail a copy of this Order to Connie Hammond, Sandy Berger, Sandy Taylor, Kevin Ware, Melanie Ware, Tammy Venkler, Candace Ware, Craig Williamson, Jennifer Williams, Circle W. Mastiffs, and American Mastiff Breeders Council.

s/ Mark R. Abel<br>United States Magistrate Judge