IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Fredericka Wagner, et al.,

    Plaintiffs,

  v.                                    Case No. 2:08-cv-431

Circle W Mastiffs, et al.,        JUDGE SMITH
                                          Magistrate Judge Kemp
    Defendants.

Craig W. Williamson,

    Plaintiff,

  v.                                    Case No. 2:09-cv-0172

American Mastiff Breeders        JUDGE SMITH
Council, et al.,                     Magistrate Judge Kemp

    Defendants.

<u>ORDER</u>

    This matter is before the Court on a renewed motion to compel filed by Diane St. Martin, Cameran Pridmore, and Sandy Taylor. The motion seeks an order compelling Craig and Jennifer Williamson and Circle W Mastiffs (the Williamsons) and Fredericka Wagner and Flying W Farms, Inc. (Ms. Wagner) to produce the settlement agreement they entered into resolving their claims in this case. Only Ms. Wagner and Flying W Farms have filed a response opposing this motion and the motion now has been fully briefed. For the following reasons, the renewed motion to compel (#183) will be denied.

I.

By order dated May 14, 2013, approximately three weeks before the moving parties filed their current motion, the Court denied their first motion to compel production of the settlement agreement. In that order, the Court noted that settlement agreements are subject to discovery upon the general showing of relevance required by Fed.R.Civ.P. 26. However, the Court concluded that the factual record before it was too incomplete to allow it to make a finding of relevance supporting production of the agreement. The moving parties had attempted to demonstrate the relevance of the settlement agreement as relating to the issues of Ms. Wagner's bias and credibility and the issue of damages generally but set-off in particular. In denying the motion to compel, the Court noted that there was no evidence that Ms. Wagner's credibility as a trial witness was at issue. Significant to the Court in reaching this conclusion was Ms. Wagner's representation that she was in poor health and would not be able to participate in any trial of this matter and the moving parties' failure to provide any information to the contrary. The Court also concluded that, on the current record, there was no evidence from which it could determine that there was such an overlap of the Williamson's claims against the moving parties and Ms. Wagner that the settlement agreement was relevant to the issue of damages, specifically the issue of set-off.

In response to the Court's order, the moving parties have attempted to refine their arguments on both of these issues and have come forward with purported evidentiary support for each one. With respect to the issue of Ms. Wagner's bias and credibility, they now contend that Ms. Wagner will be available to testify at trial and that, if the Williamsons do not proceed to depose her as a representative of the AMBC as previously intended, they will need to depose her in that capacity

-2-

themselves.  In support of this position, they have submitted affidavits from their counsel, Mr. Hirth, and Diane St. Martin. The gist of these affidavits is that both Mr. Hirth and Ms. St. Martin spoke separately with Ms. Wagner in January, 2013, and neither detected any significant disability as a result of her strokes.  They also have submitted a copy of a deposition notice prepared by the Williamsons indicating an intention to depose the AMBC in December, 2012.

With respect to the issue of the relevance of the settlement agreement to damages, the moving parties have submitted copies of Mr. Williamson's interrogatory responses.  Relying on these responses, they contend that Mr. Williamson considers all of the parties liable for his remaining state law claims.  That is, they argue that while he may make some specific allegations directed to Ms. Pridmore's or Ms. Wagner's conduct, he makes no distinction regarding the defendants' potential liability as a whole, making double recovery a possibility.

In response, Ms. Wagner contends that the current motion is nothing more than a request for the Court's reconsideration of its previous order without the support of new evidence or substantive argument.  Beyond this, Ms. Wagner essentially reiterates the arguments set forth in her response to the first motion.  First, she contends that she is no longer a party to this case and cannot be compelled to provide a copy of the settlement agreement.  Further, she asserts that she remains unable to travel or to have her deposition taken.  In support of her position this time, she has submitted her own affidavit in which she states that her condition has declined since speaking with Mr. Hirth and Ms. St. Martin in January, 2013, and that she is, in short, simply unable to travel or give testimony in her current physical and mental state.  Finally, she argues that the settlement agreement has no relevance to the moving parties' potential liability for damages.

In reply, the moving parties argue that Ms. Wagner's current

inability to travel is not necessarily a permanent situation. Further, they argue that the Court must find a disability at the time of trial in order for deposition testimony to be used and no trial has been scheduled in this case.  Additionally, they suggest that Ms. Wagner could be deposed by telephone for purposes of trial.  With respect to the issue of damages, the moving parties argue that, in addition to the potential for set-off relating to the Williamson's state court claims, a right to set-off also may exist if the Williamson's are awarded attorneys' fees under the Lanham Act.

II.

As the Court explained in its previous order, the general principles involving the proper scope of discovery under Fed.R.Civ.P. 26 are well known.  The Federal Rules of Civil Procedure authorize extremely broad discovery.  United States v. Leggett & Platt, Inc., 542 F.2d 655 (6th Cir. 1976), cert. denied 430 U.S. 945 (1977).  Therefore, Rule 26 is to be liberally construed in favor of allowing discovery.  Dunn v. Midwestern Indemnity, 88 F.R.D. 191 (S.D. Ohio 1980).  Any matter that is relevant, in the sense that it reasonably may lead to the discovery of admissible evidence, and is not privileged, can be discovered.  The concept of relevance during discovery is necessarily broader than at trial, Mellon v. Cooper-Jarrett, Inc., 424 F.2d 499 (6th Cir. 1970), and "[a] court is not permitted to preclude the discovery of arguably relevant information solely because if the information were introduced at trial, it would be 'speculative' at best." Coleman v. American Red Cross, 23 F.3d 1091, 1097 (6th Cir. 1994).

Information subject to disclosure during discovery need not relate directly to the merits of the claims or defenses of the parties.  Rather, it may also relate to any of the myriad of fact-oriented issues that arise in connection with

the litigation.  Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340 (1978).  On the other hand, the Court has the duty to deny discovery directed to matters not legitimately within the scope of Rule 26, and to use its broad discretionary power to protect a party or person from harassment or oppression that may result even from a facially appropriate discovery request.  See Herbert v. Lando, 441 U.S. 153 (1979).  Additionally, the Court has discretion to limit or even preclude discovery which meets the general standard of relevance found in Rule 26(b)(1) if the discovery is unreasonably duplicative, or the burden of providing discovery outweighs the benefits, taking into account factors such as the importance of the requested discovery to the central issues in the case, the amount in controversy, and the parties' resources.  See Fed.R.Civ.P. 26(b)(2).  Finally, the Court notes that the scope of permissible discovery which can be conducted without leave of court has been narrowed somewhat by the December 1, 2000 amendments to the Federal Rules.  Rule 26(b) now permits discovery to be had without leave of court if that discovery "is relevant to the claim or defense of any party ...."  Upon a showing of good cause, however, the Court may permit broader discovery of matters "relevant to the subject matter involved in the action."  Id.

There is no question that "'[t]he proponent of a motion to compel discovery bears the initial burden of proving that the information sought is relevant.'" Guinn v. Mount Carmel Health Systems, 2010 WL 2927254, *5 (S.D. Ohio July 23, 2010) quoting Clumm v. Manes, Case No. 2:08-cv-567 (S.D.Ohio May 27, 2010) (King, J.); see also Berryman v. Supervalu Holdings, Inc., 2008 WL 4934007 (S.D. Ohio Nov.18, 2008) ("At least when the relevance of a discovery request has been challenged the burden is on the requester to show the relevance of the requested information.")

-5-

(internal citation omitted).  When the information sought appears to be relevant, the party resisting production has the burden of establishing that the information either is not relevant or is so marginally relevant that the presumption of broad disclosure is outweighed by the potential for undue burden or harm.  See Vickers v. General Motors Corp., 2008 WL 4600997, *2 (W.D. Tenn. September 29, 2008).

    A. Relevance as to Bias and Credibility

As the Court previously explained, settlement agreements frequently are found to be discoverable in order to allow the requesting party to explore issues of bias and credibility with respect to witnesses.  See, e.g., Cadlerock Joint Venture, L.P. v. Royal Indemnity Company, 2012 WL 443316 (N.D. Ohio Feb. 10, 2012) (settlement agreement relevant to testifying witnesses' credibility and bias); Goodyear Tire and Rubber Co. v. Dow Deutschland GMBJ & Co. OHG, 2009 WL 3614959 (N.D. Ohio Oct. 28, 2009); Tanner v. Johnston, 2013 WL 121158, at *5-6; Transportation Alliance Bank, Inc. v. Arrow Trucking Co., 2011 WL 4964034, *2 (N.D. Okla. October 19, 2011)(settlement agreement relevant for purposes of exploring bias and credibility of important fact witness); see also Thomas & Marker, 2008 WL 3200642, at *2 (requesting party insisted employees of settling party would be called to testify at trial and settle agreement found relevant on issue of their credibility).  Settlement agreements also have been found subject to discovery when there is the potential for a witness to testify in person at trial. See, e.g., Meharg v. I-Flow Corporation, 2009 WL 3032327, *6 (S.D. Ind. Sept. 18, 2009).  On the other hand, courts have found a confidential settlement agreement not to be relevant to the issue of bias or credibility where there is a stated intention not to call particular witnesses at trial or no indication that particular witnesses will testify.  See, e.g., In re Flat Glass,

2013 WL 1703864, at *1; <u>Pamlab, L.L.C. v. Rite Aid Corporation</u>, 2006 WL 186199 (E.D. La. Feb. 7, 2006).

In denying the original motion to compel, the Court, acknowledging the significance of Ms. Wagner's role in these consolidated cases, noted that the moving parties were free to renew their motion should circumstances change and should it become apparent that Ms. Wagner was going to provide live testimony at some future date such that her bias and credibility may be at issue. The moving parties, however, have failed to demonstrate any change in circumstances in the three weeks between the Court's ruling and the filing of their renewed motion.

First, the affidavits submitted by Mr. Hirth and Ms. St. Martin suggesting that Ms. Wagner is not in ill health as she contends can only be characterized as something far less than credible medical evidence. Certainly, the moving parties could have had no serious expectation that the affidavits were entitled to be afforded any weight by the Court on the issue of Ms. Wagner's health conditions. Further, Ms. Wagner's appearance at deposition or trial remains nothing more than speculation as of the renewed motion's filing. The copy of the deposition notice indicating that the Williamsons' intended, at least in December, 2012, to depose the AMBC does not persuade the Court otherwise. Moreover, the Court also finds it significant that the moving parties have not suggested, let alone demonstrated, that they will be prejudiced if they are unable to obtain the settlement agreement until once Ms. Wagner's live testimony is scheduled, assuming it ever is. Consequently, the motion to compel will not be granted on this ground.

B. <u>Relevance as to Damages</u>

The moving parties also continue to argue that the settlement agreement is relevant to the issue of damages or, more

specifically, a set-off analysis. In denying their original motion, the Court noted that the moving parties had not set forth facts about the potentially overlapping claims that would show, or even make likely, that conduct engaged in by Ms. Wagner could form the basis for any claim against them, or that Ms. Wagner's and their actions necessarily combined to produce a single injury. The interrogatory responses from Mr. Williamson that the moving parties now have provided may be viewed as some evidence that potentially overlapping claims exist here. However, assuming that the settlement agreement is relevant to the issue of damages and particularly a set-off analysis, the moving defendants have not demonstrated why disclosure of the settlement agreement is required now.

Other courts in similar circumstances have delayed disclosure of settlement agreements until after trial because set-off is not an issue to be addressed until after the entry of a verdict. See, e.g., In re Flat Glass Antitrust Litigation, 2013 WL 1703864 (W.D. Pa. April 19, 2013); King County, Wash. v. IKB Deutsche Industriebank AG, 2012 WL 3553775 (S.D.N.Y. August 17, 2012); Anderson v. Ford Motor Co., 2010 WL 4156256 (E.D. Pa. October 20, 2010)(citing Dutton v. Todd Shipyards, 2009 U.S. Dist. LEXIS 107936, at *2-3 where "[t]his court ruled that disclosure of settlements should be deferred until after the entry of the judgment when the court would entertain a defendant's set-off argument"); Polston v. Eli Lilly and Co., 2010 WL 2926159, *2 (D.S.C. July 23, 2010); see also Bottaro v. Hatton Assocs., 96 F.R.D. 158, 160 (E.D.N.Y. 1982)("... settlement would not be evidence relevant to any issue ... other than the ministerial apportionment of damages, a mathematical computation which the Court rather than the jury will perform."). As explained by the Court in In re Flat Glass, "[a]lthough the extent of Defendant's liability is certainly relevant to

potential settlement, relevance to settlement negotiations is not relevant to the subject matter of the action, as contemplated by the applicable rules and standards." Id. at *1. The Court finds the reasoning of the above cases persuasive. Further, as with the issues of bias and credibility, the moving defendants have not suggested nor demonstrated that they will be prejudiced if they do not have access to the settlement agreement prior to any requirement of a set-off calculation. Consequently, the motion to compel disclosure of the settlement agreement will not be granted on this ground. Nothing in this ruling, however, is intended to foreclose the opportunity to seek disclosure of the settlement agreement at the appropriate time as it relates to the issue of set-off.

### III.

For the foregoing reasons, the renewed motion to compel (#183) is denied.

### IV.

Any party may, within fourteen days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge. 28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 91-3, pt. I., F., 5. The motion must specifically designate the order or part in question and the basis for any objection. Responses to objections are due fourteen days after objections are filed and replies by the objecting party are due seven days thereafter. The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or District Judge. S.D. Ohio L.R. 72.3.

                <u>/s/ Terence P. Kemp   </u>
                United States Magistrate Judge