UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**Fredericka Wagner,** *et al.*,

    **Plaintiffs,**

v.

**Circle W Mastiffs,** *et al.*,

    **Defendants.**

Case No. 2:08-CV-00431
JUDGE SMITH
Magistrate Judge Kemp

**Craig W. Williamson,**

    **Plaintiff,**

v.

**American Mastiff Breeders Council,** *et al.*,

    **Defendants.**

Case No. 2:09-CV-00172
JUDGE SMITH
Magistrate Judge Kemp

This matter is before the Court on Defendants Craig Williamson and Jennifer Williamson's Motion for Attorney Fees and submitted Bill of Costs in Case No. 2:08-CV-431 (Docs. 230, 234, and 232);[1] and Defendants Cameran Pridmore, Diane St. Martin, and Sandy Taylor's submitted Bill of Costs in Case No. 2:09-CV-172 (Docs. 228, 235[2]).

---

[1] As this Order addresses both consolidated cases, it is difficult to use consistent party designations and docket citations. For purposes of this Order, Craig and Jennifer Williamson will be referenced to as "the Williamsons" in both cases. All other parties will be referenced by their name or their posture in the specific case being discussed. For instance, Pridmore, St. Martin, Taylor, *et al.*, will be referenced as "plaintiffs" in Case No. 2:08-CV-431and

## I.     FACTUAL AND PROCEDURAL BACKGROUND

The Court has recounted the facts underlying this case *ad nauseam* in its previous orders, and finds it unnecessary to do so again here.[3]  However, in light of this case's six-year history, the Court finds it important—especially in the context of the parties' request for attorney fees and costs—to very briefly summarize the claims and parties involved herein.

*Case No. 2:08-CV-431*

On May 6, 2008, Plaintiffs Hammond, St. Martin, S. Berger, B. Berger, Wagner, Pridmore, S. Taylor, J. Taylor, Mikalchus, Venkler, K. Ware, M. Ware, Flying W Farms, and the American Mastiff Breeders Council filed suit against the Williamsons in Case No. 2:08-CV-431. (*See* Doc. 2, Compl.). This case centered on a single cause of action: the Williamsons' alleged violation of the Lanham Act. (*Id.*).  On April 8, 2009, the Williamsons filed several counterclaims against Plaintiffs including breach of contract, breach of duty of good faith and fair dealing, fraud, negligent misrepresentation, indemnification, and contribution. (*See* Doc. 26, Answer).  As of March 31, 2014, all of Plaintiffs' claims and all of the Williamsons' counterclaims in Case No. 2:08-CV-431 had been dismissed, voluntarily or otherwise.

*Case No. 2:09-CV-172*

On June 17, 2008, Craig Williamson filed suit against the same individuals and entities involved in Case No. 2:08-CV-431 (Hammond, St. Martin, S. Berger, B. Berger, Wagner, Pridmore, S. Taylor, J. Taylor, Mikalchus, Venkler, K. Ware, M. Ware, Flying W Farms, and the

---

"defendants" in Case No. 2:09-CV-172. All references to the docket will correspond to the Document Numbers assigned in Case No. 2:08-CV-431, unless stated otherwise.

[2] Plaintiffs filed their Bill of Costs only in Case No. 2:09-CV-172.  Defendants' Objection, however, was filed in Case No. 2:08-CV-431. Thus, Plaintiffs' Bill of Costs references the Document Number listed in Case No. 2:09-CV-172, while the Objection corresponds to the Document Number listed in Case No. 2:08-CV-431.

[3] To the extent any specific facts are important to the pending motion and objections, the Court will discuss them in line with the Court's analysis.

American Mastiff Breeders Council) in the United States District Court of Nevada-Reno.[4] The case was subsequently transferred to this Court in March of 2009. (Doc. 1, Ex. 1, Order of Transfer in Case No. 2:09-CV-172). In his Complaint (as amended), Williamson asserted 11 causes of action, including violations of the Sherman Act, defamation, fraud, conspiracy, intentional interference with a business relationship, and declaratory judgment. (*See* Doc. 46, Am. Compl.). As of July 16, 2014, all of Williamson's claims in Case No. 2:09-CV-172 had been dismissed, voluntarily or otherwise.

## II. PENDING MOTIONS AND OBJECTIONS

All claims against all parties in both cases have been dismissed, and this case is now before the Court on the Williamsons' Motion for Attorneys' Fees and both parties' submitted Bills of Cost. The Williamsons assert they are entitled to attorneys' fees in the amount of $93,632.80 incurred in defending themselves against Plaintiffs' Lanham Act claims in Case No. 2:08-CV-431. Specifically, the Williamsons argue this case is "exceptional"—thereby warranting attorneys' fees under the Act—because of Plaintiffs' bad faith throughout the course of these proceedings and the meritless and prolonged nature of this litigation. In response, Plaintiffs argue that this Court has already found the Williamsons were not entitled to attorneys' fees in previous orders; that the Williamsons have provided no basis for their bad faith arguments; and that the Williamsons have not provided sufficient evidence showing the proper allocation of attorneys' fees.

These cases are also before the Court on the parties' submitted Bills of Costs and Objections thereto. The Williamsons submitted a Bill of Costs in Case No. 2:08-CV-431 for "printed or electronically recorded transcripts necessarily obtained for use in the case" in the

---

[4] In addition to these parties, Williamson also named Candace Ware as a defendant to the action, for a total of 15 named defendants.

amount of $14,071.85. Plaintiffs object to the Williamsons' Bill of Costs, arguing that the Williamsons are not the "prevailing party" as required by Rule 54(d)(1) of the Federal Rules of Civil Procedure. Plaintiffs also argue that the Williamsons used the deposition transcripts (which form the basis of their Bill) predominately in their failed prosecution of their own claims and counterclaims, not in defending themselves against Plaintiffs' Lanham Act claim. Finally, Plaintiffs note that Rule 54 grants courts discretion to deny costs, and, in light of the facts and circumstances underlying this case, urge the Court to exercise its discretion here.

In Case No. 2:09-CV-172, Defendants Diane St. Martin, Cameran Pridmore, and Sandy Taylor filed a Bill of Costs, requesting $5,484.49 for "printed or electronically recorded transcripts necessarily obtained for use in the case." Williamson objected to the Bill, arguing that these three individuals did not bear the full costs of defending the action and thus should not be permitted to recover the full costs on behalf of all named defendants. Thus, Williamson requests the Court properly allocate these expenses to avoid a windfall to Defendants St. Martin, Pridmore, and Taylor.

### III.  DISCUSSION

The Williamsons have moved for attorneys' fees and costs in Case No. 2:08-CV-431. Defendants St. Martin, Pridmore and Taylor have moved for costs in Case No. 2:09-CV-172. The Court will discuss each request in turn.

**A.  The Williamsons' Motion for Attorneys' Fees**

The Lanham Act grants the Court discretion to award attorneys' fees to parties who prevail "in exceptional cases" brought under the Act. *See* 15 U.S.C. § 1117(c)(3) ("The court in exceptional cases may award reasonable attorney fees to the prevailing party."). In the context of a motion for attorneys' fees by a prevailing defendant, as opposed to a prevailing plaintiff, the

Sixth Circuit has explained that "an exceptional case is one where a plaintiff brings a suit that could fairly be described as oppressive." *Eagles, Ltd. v. Am. Eagle Found.*, 356 F.3d 724, 728-29 (6th Cir. 2004) (internal quotations omitted).  This standard reflects the justification for awarding attorneys' fees to prevailing defendants, i.e., to "provide protection against unfounded suits brought by trademark owners for harassment and the like."  *Id*. at 729 (quoting S.Rep. No. 93–1400 (1974)).  In determining whether a case is "exceptional" or "oppressive," courts must undertake both "an objective inquiry into whether the suit was unfounded when it was brought and a subjective inquiry into the plaintiff's conduct during litigation."[5] *Id*.; *see also NetJets Inc. v. IntelliJet Grp., LLC*, No. 2:12-CV-00059, 2013 WL 6799426 (S.D. Ohio Dec. 19, 2013) (Frost, J.).   Even if the Court finds the case to be an "exceptional" one, the Court still has discretion to deny the prevailing party's motion for attorneys' fees.  *Burger King Corp. v. Pilgrim's Pride Corp.*, 15 F.3d 166, 168 (11th Cir. 1994) ("Although a case may rise to the level of exceptionality, the decision to grant attorney fees remains within the discretion of the trial court.").

---

[5] In a recent opinion, the United States Supreme Court rejected this test in addressing a motion for attorneys' fees under the Patent Act, finding it to be "restrictive" and "overly rigid." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S. Ct. 1749, 1751 (2014). Rather, the Court advocated for lower courts to employ a more flexible standard in determining whether a case is "exceptional" for the purposes of awarding attorneys' fees:

> We hold, then, that an "exceptional" case is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated. District courts may determine whether a case is "exceptional" in the case-by-case exercise of their discretion, considering the totality of the circumstances.

*Id*. at 1756. While the Court's decision expressly affected motions for fees brought under the Patent Act only, the fee-shifting provisions of the Patent Act and the Lanham Act are identical ("The court in exceptional cases may award reasonable attorney fees to the prevailing party").  Thus, the Court recognizes that the Supreme Court's decision in *Octane Fitness* bears at least some relevance to the case now before it.  The Court will nonetheless proceed with the two-step inquiry set forth in *Eagles* for two reasons: (1) as of the date of the filing of this Order, *Eagles* remains the controlling Sixth Circuit standard for determining the exceptionality of Lanham Act claims, *see Premium Balloon Accessories, Inc. v. Creative Balloons Mfg., Inc.*, No. 13-3587, 2014 WL 3891299 (6th Cir. Aug. 7, 2014) (recognizing new standard announced in *Octane Fitness* as to patent claim, but applying *Eagles*' two-step inquiry to Lanham Act claim); and (2) even if the Court were to employ the "more flexible" *Octane Fitness* standard, the result under the facts here would be the same.

Accordingly, whether the Williamsons are entitled to attorneys' fees pursuant to 15 U.S.C. § 1117 hinges on two considerations: (1) whether the Williamsons qualify as a "prevailing party"; and (2) whether this case qualifies as "exceptional."

### 1. Prevailing Party

The parties have not briefed the issue of whether the Williamsons qualify as a prevailing party in the context of the Williamsons' Motion for Attorneys' Fees. However, the parties have submitted law and argument as to the prevailing party status of the Williamsons in their Objection and Reply to the Williamsons' Bill of Costs filed in Case No. 2:08-CV-431. (*See* Doc. 234, Pls.' Objection; Doc. 239, Defs.' Reply). As "prevailing party status is a 'statutory threshold' which must be crossed before there is any consideration of a fee award," *DiLaura v. Twp. of Ann Arbor*, 471 F.3d 666, 670 (6th Cir. 2006), the Court finds it necessary to address whether the Williamsons qualify as a prevailing party in the context of their Motion for Attorneys' Fees, not just as it relates to their Bill of Costs. In the interest of fairness and completeness, however, the Court will consider all of the parties' arguments on the issue here, even if briefed in separate memoranda.[6]

Generally, to be considered a prevailing party, one must receive at least some relief on the merits of his claim, resulting in a "judicially sanctioned change in the legal relationship of the parties." *Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't of Health and Human Res.*, 532 U.S. 598, 605 (2001); *see also Maker's Mark Distillery, Inc. v. Diageo N. Am., Inc.*, 679 F.3d 410, 425 (6th Cir. 2012). Judgments on the merits, involuntary dismissals with prejudice,

---

[6] Although the parties' arguments in their Bill of Costs memoranda center on the "prevailing party" requirement set forth in Rule 54 of the Federal Rules of Civil Procedure as compared to 15 U.S.C. § 1117, the same general legal standards apply. *See Construcciones E Instalaciones Electromecanicas S.A. v. Hi-Vac Corp.*, No. 2:07-CV-234, 2010 WL 3667018 (S.D. Ohio Sept. 14, 2010) (Sargus, J.) (noting that *Buckannon* applies in determining prevailing party status under Rule 54); *see also McKnight v. 12th & Div. Properties, LLC*, 709 F. Supp. 2d 653, 655 (M.D. Tenn. 2010) ("[T]he term 'prevailing party' should be interpreted consistently within federal jurisprudence.").

and court-ordered consent decrees usually satisfy this requirement. *See id.*; *Swank v. Banks*, 25 F. App'x 418 (6th Cir. 2002) (upholding award of attorneys' fees to defendants after summary judgment granted in their favor); *Burda v. M. Ecker Co.*, 954 F.2d 434, 441 (7th Cir. 1992) ("[W]hen an action has been dismissed for failure to state a claim, the defendant is the prevailing party."). Finally, and importantly in the case at hand, a party does not need to win every claim to be considered the prevailing party. *Maker's Mark*, 679 F.3d at 425; *Construcciones E Instalaciones Electromecanicas S.A. v. Hi-Vac Corp.*, No. 2:07-CV-234, 2010 WL 3667018 (S.D. Ohio Sept. 14, 2010) (Sargus, J.) ("A party can be a prevailing party even when only partially successful in litigation."). Rather, the degree of a party's success "does not affect eligibility for a fee award, but only goes to the reasonableness of the amount of that award." *Balsley v. LFP, Inc.*, 691 F.3d at 772 (6th Cir. 2012) (internal quotations omitted).

The Williamsons assert that they are the prevailing party in Case No. 2:08-CV-431 as Plaintiffs' Lanham Act claims either (1) failed to survive the Williamsons' summary judgment motion, or (2) were voluntarily dismissed with prejudice. Plaintiffs argue that the Williamsons did not prevail on any of their claims in consolidated Case No. 2:09-CV-172 and therefore are not entitled to "prevailing party" status.

The Court finds the Williamsons are the prevailing party in some respects of Case No. 2:08-CV-431. The Court will review the disposition of each Plaintiff's Lanham Act claim separately.[7]

All claims between Plaintiffs Bill Berger, Kerry Mikalchus, Jim Taylor and the Williamsons were dismissed with prejudice upon agreement and settlement of the parties. (*See*

---

[7] The Court is reluctant to engage in a party-by-party or claim-by-claim analysis in determining who qualifies as the prevailing party, and, in a typical case, it would decline to do so. These cases, however, are unique in that they involve a number of parties, in different postures, in two separate-but-consolidated cases, alleging several claims which were disposed of in a host of manners. Under these circumstances, it is difficult to broadly declare one party the successor. Thus, on this limited occasion, the Court will proceed on a claim-by-claim basis in determining which party prevailed on each claim asserted.

Doc. 99, Stip. of Dismiss.; Doc. 100, Stip. of Dismiss.; Doc. 101, Stip. of Dismiss.).  In the Stipulations and Orders for Dismissal with Prejudice, the parties "waive[d] the allowance of any attorneys' fees or costs whatsoever." (*See id.*).  Therefore, the parties have expressly waived the allowance of any attorneys' fees, rendering the "prevailing party" analysis moot.

All claims between Plaintiffs Fredericka Wagner, Flying W. Farms, Inc. and the Williamsons were dismissed with prejudice after the parties "reached a settlement." (Doc. 173, Stipulation).  The Stipulation was reciprocal: it dismissed Plaintiffs' claims against the Williamsons as well as the Williamsons' claims against Plaintiffs. (*Id*.). The Stipulation did not expressly reserve the right to collect attorneys' fees nor did it indicate the award, if any, obtained by the Williamsons.  Further, the Stipulation was entered into at the behest of the parties, with no involvement, approval, or mandate by the Court "aside from the perfunctory act of entering judgment to terminate the case." *Bridgeport Music, Inc. v. London Music, U.K.*, 345 F. Supp. 2d 836, 839-40 (M.D. Tenn. 2004) *aff'd*, 226 F. App'x 491 (6th Cir. 2007).  This jointly made, voluntary dismissal, of which the Court was only tangentially involved "simply cannot constitute the judicially sanctioned change in the parties' legal relationship required by *Buckhannon* in order for one party to prevail over the other." *Id*.  Therefore, the Court finds that no party prevailed in regards to Fredericka Wagner and Flying W. Farms, Inc.'s claims against the Williamsons.

All claims between Plaintiff Tammy Venkler and the Williamsons' were dismissed by Court Order pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure.  (*See* Doc. 64, Order).  In finding Venkler's Motion to Dismiss well-taken, the Court denied the Williamsons' Motion for Attorneys' Fees and Costs.  (*Id*. at 5-6).  As the Court has already considered and

denied the Williamsons' request for attorneys' fees and costs as regards Plaintiff Venkler, there is no need to proceed any further with the "prevailing party" analysis here.[8]

All claims of the remaining Plaintiffs (S. Taylor, Hammond, St. Martin, Pridmore, S. Berger, K. Ware, M. Ware, and AMBC, LLC) were dismissed in favor of the Williamsons on summary judgment. (Doc. 225, Order). As a grant of summary judgment entails a decision on the merits and results in a judicially sanctioned change in the legal relationship of the parties, the Court finds the Williamsons were prevailing parties as to Plaintiffs S. Taylor, Hammond, St. Martin, Pridmore, S. Berger, K. Ware, M. Ware, and AMBC, LLC's claims against them.

That the Williamsons did not prevail on any of their counterclaims or claims asserted in Case No. 2:09-CV-172 does not change the Court's determination that the Williamsons' prevailed over these Plaintiffs' Lanham Act claims. Courts have, in special circumstances such as these, awarded costs to "a defendant who successfully fends off a large claim. . . despite failure to prevail on a counterclaim." *Scientific Holding Co., Ltd. v. Plessey Inc.*, 510 F.2d 15, 28 (2d Cir. 1974); *see also Official Aviation Guide Co. v. Am. Aviation Associates*, 162 F.2d 541, 543 (7th Cir. 1947) ("Does the fact that the defendants filed a counterclaim which was dismissed change the situation any? We think not."). Further, although the Court ordered consolidation of the 2008 and 2009 cases, such consolidation "does not deprive each case of its separate identity." (Doc. 9, Order at 3). Last, the Court notes the Williamsons are not requesting attorneys' fees in conjunction with the prosecution of their counterclaims or the 2009 case; rather, they move only for the fees and costs associated in defending Plaintiffs' Lanham Act claim. As the Sixth Circuit has made clear: a party does not need to succeed on every claim

---

[8] Plaintiffs argue that the Court's determination in this specific Order, i.e. that these cases did not qualify as "exceptional" for the purposes of awarding attorneys' fees, should bar the Williamsons from receiving attorneys' fees on all claims. The Court disagrees. The Court filed its Order Granting Venkler's Motion to Dismiss on June 29, 2010. The Court found these cases to be unexceptional *at that time*; it is not required to reach the same conclusion over four years later. Rather, the Court will consider the facts, circumstances, and the record as a whole in evaluating the exceptional nature of the remaining Plaintiffs' claim.

9

asserted by or against them to be considered the prevailing party in an action. *Maker's Mark*, 679 F.3d at 425.

In sum, the Williamsons prevailed in Case No. 2:08-CV-431, specifically as to the claims asserted against them by Plaintiffs S. Taylor, Hammond, St. Martin, Pridmore, S. Berger, K. Ware, M. Ware, and AMBC, LLC.  The Court will proceed in determining whether the Williamsons are entitled to attorneys' fees as it concerns these parties and claims only.

**2.     Exceptionality: Objective Inquiry**

Having determined that the Williamsons were prevailing parties as to certain Plaintiffs' Lanham Act claims, the Court must next consider whether this case qualifies as "exceptional" pursuant to 15 U.S.C. § 1117(c)(3).  In making this determination, the Sixth Circuit has advised courts to first make "an objective inquiry into whether the suit was unfounded when it was brought." *Eagles, Ltd. v. Am. Eagle Found.*, 356 F.3d 724, 728-29 (6th Cir. 2004).  Therefore, the Court must determine whether Plaintiffs had any merit in filing their Lanham Act claim against the Williamsons in the first place.

The Court initially notes that it has, to some extent, already addressed this issue.   For instance, on March 25, 2009, the Court denied the Williamsons' Motion to Dismiss Plaintiffs' Lanham Act claims, finding that Plaintiffs had set forth sufficient allegations with respect to all material elements of their Lanham Act claim. (Doc. 24, Order, at 12).  In its August 10, 2010 Order, the Court also recognized the legitimacy of Plaintiffs' Lanham Act claim in dismissing Craig Williamson's antitrust claims in Case No. 2:09-CV-172.  (*See* Doc. 65, Order at 16-17) (finding Plaintiffs' Lanham Act claim was not a merely a "sham").

Moreover, a review of Plaintiffs' Memorandum in Opposition to the Williamsons' initial Motion for Summary Judgment supports the notion that Plaintiffs' Lanham Act

claims had at least some factual merit and legal foundation to them. In their Memorandum, Plaintiffs presented good faith arguments, supported by deposition or other evidence, as to each element of a false advertising claim under the Lanham Act. Specifically, Plaintiffs submitted evidence that the Williamsons advertised they were members of the American Mastiff Breeders Council, preferred breeders of the Continental Kennel Club, and breeders of American Mastiffs which "come directly from the breeding stock of Fredericka Wagner" (Doc. 104, Ex. 2, Hammond Dec. at ¶¶ 2, 4); that the breed standard for American Mastiffs, as articulated by both the AMBC, the CKC, and Wagner herself required a black mask (*Id*. at ¶¶ 6, 15; Doc. 104, Ex. 2, Wagner Depo. at 226:10); that the Williamsons marketed, bred, and sold dogs as American Mastiffs that did not have a black mask (Doc. 104, Ex. 2, Wagner Depo. at 262:20-262:24); and that the Williamsons' alleged conduct resulted in confusion among purchasers and an overall detrimental dilution of the breed. (*See id*. at 263:1-263:13; Doc. 104, Ex. 5, St. Martin Depo. at 226:2-226:24; Doc. 104, Ex. 4, Pridmore Depo. at 269:9-269:18).

Although the Court eventually granted summary judgment in favor of the Williamsons on Plaintiffs' claims, the relevant inquiry here is not whether Plaintiffs' claims ultimately succeeded on their merits, but whether they objectively had some legal and factual basis at the time they were brought. *See Am. Council of Certified Podiatric Physicians & Surgeons v. Am. Bd. of Podiatric Surgery, Inc.*, 185 F.3d 606, 625 (6th Cir. 1999) ("Where a plaintiff sues under a colorable, yet ultimately losing, argument, an award of attorney's fees is inappropriate."). Plaintiffs' claims, although ultimately unsuccessful, survived the Williamsons' Motion to Dismiss and had at least some

11

arguable basis to them at the time Plaintiffs filed their Complaint.  Further, during the pendency of the case, Plaintiffs conducted extensive discovery to support their claims with good faith arguments and deposition testimony as set forth above.  Therefore, while Plaintiffs' Lanham Act claims ultimately failed as a matter of law, the Court cannot objectively find that these claims were frivolous, unfounded, or brought solely for the purpose of harassment.

### 3.     Exceptionality: Subjective Inquiry

Because the Court determined Plaintiffs' Lanham Act claims were not "unfounded from the beginning," it would be within the Court's discretion to end its analysis and conclude that this case was not of an exceptional nature.  However, due to the litigious nature of this case, the Court will err on the side of comprehensiveness and proceed to the final prong of the analysis: "a subjective inquiry into the plaintiff's conduct during litigation."

The Williamsons argue that Plaintiffs knew their claims lacked merit but nonetheless "aggressively litigated the case for nearly six (6) years." (Doc. 231, Mot. Atty. Fees at 7).  Specifically, the Williamsons argue that Plaintiffs (1) knew their Complaint was meritless and barred by laches and proceeded anyway, (2) withheld and destroyed discovery without justification, and (3) engaged in "underhanded and concealed efforts" to prolong litigation. (*Id*. at 10-14).

There is little doubt that this case, with over six years of multiple parties, claims, counterclaims, consolidations, amended pleadings, discovery disputes, voluntary dismissals, failed settlement discussions, successful settlement agreements, appearances of counsel, withdrawals of counsel, and dispositive motions—over essentially the maskless-ness of a dog—has been the very definition of exceptional in the colloquial sense, i.e., unusual or uncommon.

However, the specific legal inquiry at issue here is whether Plaintiffs brought and pursued "a suit that could fairly be described as oppressive." *Eagles*, 356 F.3d at728-29.

Reviewing the proceedings, the Court cannot say that Plaintiffs acted harassingly or in an oppressive manner in pursuing their claim. First, the Court has already found that Plaintiffs' claims were not completely unfounded or meritless. *See* Section III.A.2., *supra*. Second, while the Williamsons raised the issue of laches in their Motion for Summary Judgment, the Court never ruled on the merits of this argument. Plaintiffs were under no obligation to agree or conform their litigation strategy to the Williamsons' dispositive motion arguments absent a Court order. Third, the Williamsons are correct in their assertion that Plaintiffs have contentiously and zealously litigated their claims. Litigiousness, however, does not necessarily constitute bad faith. A review of the record demonstrates extreme advocacy on behalf of both Plaintiffs and the Williamsons, but nothing rising to the level of maliciousness, bad faith, or willful misconduct.

Finally, the Williamsons fault Plaintiffs for unnecessarily drawing out the case for over six years. While the Court agrees that the procedural history of this case is extensive, it also finds the Williamsons were not without blame. In May 2008, Plaintiffs filed suit against the Williamsons alleging a single cause of action: violation of the Lanham Act. (Doc. 2, Compl.). The Williamsons answered and alleged seven counterclaims. Further, in consolidated Case No. 2:09-CV-172, the Williamsons pleaded an additional 11 causes of action against Plaintiffs. While the Williamsons do not seek attorneys' fees in prosecuting these claims, the Court still finds a consideration of all claims relevant in weighing the prolonged and contentious nature of this case. In other words, while Plaintiffs inarguably "aggressively litigated" their claims "for nearly six years," so too did the Williamsons. Plaintiffs were required to expend a significant

amount of time defending the Williamsons' claims and counterclaims; to lay all six years of litigation at Plaintiffs' feet is a gross mischaracterization of these proceedings.[9]

For these reasons, the Court finds this case is not "exceptional" for purposes of the fee-shifting provision of 15 U.S.C. § 1117(c)(3). Objectively, the Court cannot conclude that Plaintiffs' claims were meritless from the outset. Subjectively, the Court cannot conclude that Plaintiffs' conduct during the case was oppressive. Accordingly, Plaintiffs are not entitled to attorneys' fees under the Lanham Act.[10]

**B.     The Williamsons' Bill of Costs in Case No. 2:08-CV-431**

The Williamsons submitted a Bill of Costs in Case No. 2:08-CV-431 for "printed or electronically recorded transcripts necessarily obtained for use in the case" in the amount of $14,071.85. Plaintiffs objected, arguing that the Williamsons used the transcripts primarily in prosecuting their claims in Case No. 2:09-CV-172—claims on which they did not prevail—and are therefore precluded from recovering these costs.

Rule 54(d)(1) states: "Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." The Court has already determined that the Williamsons prevailed over Plaintiffs S. Taylor, Hammond, St. Martin, Pridmore, S. Berger, K. Ware, M. Ware, and AMBC, LLC in Case No. 2:08-CV-431. *See* Section III.A.1, *supra*. It would necessarily follow, then, that the Williamsons are entitled to costs for transcripts used in defending against these Plaintiffs' Lanham Act claims.

---

[9] The Court also notes that the Williamsons filed several motions requesting extensions of time to file or respond throughout these proceedings, necessarily delaying disposition of both cases. (*See* Doc. 28, Mot. Exten. Time; Doc. 38, Mot. Exten. Time; Doc. 71, Mot. Exten. Time; Doc. 147, Mot. Exten. Time; Doc. 214, Mot. Exten. Time).

[10] The Court notes that even if this case were "exceptional," the Court would likely exercise its discretion to deny the Williamsons' motion nonetheless. As stated above, *both* parties were at fault for whatever exceptionalities did exist throughout this litigation. Therefore both parties should bear the costs of their own attorneys' fees.

Plaintiffs' assertion that the Williamsons did not utilize the deposition transcripts in Case No. 2:08-CV-431 in any manner is patently false.  The Williamsons referenced several of Plaintiffs' depositions throughout their Motion for Summary Judgment and attached excerpts from eight deposition transcripts in support of their ultimately successful motion. (*See* Doc. 133, Defs.' Mot. Summ. J., Ex. 1, Hitchcock Depo.; Ex. 4, Wagner Depo.; Ex. 5, Hammond Depo.; Ex. 6, Berger Depo.; Ex. 7, Ware Depo.; Ex. 41, Taylor Depo.; Ex. 43, Pridmore Depo.; Ex. 45, St. Martin Depo.).  The Court acknowledges, however, that the Williamsons also utilized these deposition transcripts in pursuit of their claims in Case No. 2:09-CV-172, in which they did not prevail.  (*See* Doc. 213, Pls.' Memo. Opp., Ex. 1, Wagner Depo.; Ex. 2, Hammond Depo., Ex. 3, Mikalchus Depo.; Ex. 5, St. Martin Depo.; Ex. 7, Ware Depo.; Ex. 20, Berger Depo.; Ex. 21, Taylor Depo.; *see also* Doc. 217, Pls.' Memo. Opp., Ex. 1, Wagner Depo.; Ex. 5, Ware Depo.; Ex. 6, Pridmore Depo.; Ex. 9, Hammond Depo.; Ex. 33, Hitchcock Depo.; Ex. 43, Mikalchus Depo.; Ex. 44, St. Martin Depo.).

The Court agrees with Plaintiffs that Rule 54 does not authorize the Court to award the Williamsons costs associated with a case in which they did not succeed.  Further, in Case No. 2:08-CV-431, the Court determined the Williamsons "prevailed" only as to claims asserted by S. Taylor, Hammond, St. Martin, Pridmore, S. Berger, K. Ware, M. Ware, and AMBC, LLC. The question therefore becomes: how should costs—for transcripts utilized in both cases in deposing all Plaintiffs—be allocated here?

It is difficult to ascertain, by mathematical formula, a fair and accurate division of the costs of these transcripts, portions of which were aptly used in both cases against all parties.  However, the Court finds it unfair to award the Williamsons, who did not prevail in all respects against all parties, the full amount of their request.  Based on the following calculations, the

Court finds the Williamsons are entitled to $4,020.54 in costs in successfully defending Plaintiffs' Lanham Act claims alleged in Case No. 2:08-CV-431.

First, the Court begins with the Williamsons' total transcript costs: $14,071.88. The Court then divides this total in half, as all transcripts were utilized in both Case No. 2:08-CV-431(in which the Williamsons were the prevailing party) and Case No. 2:09-CV-172 (in which the Williamsons did not prevail), equaling $7,035.94. The Court then multiplies this number by eight fourteenths (or four sevenths), as the Williamsons were "prevailing parties" on claims asserted by only eight of the original fourteen Plaintiffs. *See* Section III.A.1. This results in an amount of **$4,020.54** of which the Williamsons are entitled to receive from Plaintiffs S. Taylor, Hammond, St. Martin, Pridmore, S. Berger, K. Ware, M. Ware, and AMBC, LLC pursuant to Rule 54 of the Federal Rules of Civil Procedure.[11]

## C. St. Martin, Pridmore, and S. Taylor's Bill of Costs in Case No. 2:09-CV-172

Defendants St. Martin, Pridmore, and S. Taylor submitted a Bill of Costs in Case No. 2:09-CV-172 for "printed or electronically recorded transcripts necessarily obtained for use in the case" in the amount of $5,484.49. Craig Williamson objected to the Bill of Costs. Williamson did not take issue with respect to how or in what case Defendants used the transcripts; rather, Williamson argued that these three Defendants should not be able to recover costs on behalf of the other 12 named defendants in Case No. 2:09-CV-172. Defendants did not file a Reply brief to clarify or further allocate the requested costs.

The Court finds Williamson's argument well-taken, and finds that to award St. Martin, Pridmore, and S. Taylor with the full amount of requested costs, of which they likely only paid a portion, would result in a windfall for these parties. Accordingly, the Court finds it appropriate to multiply the total cost incurred by all Defendants by three fifteenths (or one fifth), as only

---

[11] Stated numerically, the calculation is as follows: $14{,}071.88 \div 2 \times {}^{8}/_{14} = 4020.54$.

three of the 15 defendants named in Case No. 2:09-CV-172 have moved for costs herein. This results in an amount of **$1,096.90** of which Defendants St. Martin, Pridmore, and S. Taylor are entitled to receive from Craig Williamson.[12]

### III. CONCLUSION

The Williamsons' Motion for Attorneys' Fees is **DENIED**.

The Williamsons' Bill of Costs in Case No. 2:08-CV-431 is **GRANTED in part and DENIED in part**. The Williamsons are entitled to **$4,020.54** in costs from S. Taylor, Hammond, St. Martin, Pridmore, S. Berger, K. Ware, M. Ware, and AMBC, LLC pursuant to Rule 54 of the Federal Rules of Civil Procedure.

St. Martin, Pridmore and S. Taylor's Bill of Costs in Case No. 2:09-CV-172 is **GRANTED in part and DENIED in part**. St. Martin, Pridmore and S. Taylor are entitled to a total of **$1,096.90** in costs from Craig Williamson pursuant to Rule 54 of the Federal Rules of Civil Procedure.

In the interests of fairness and efficiency, the Court orders the above findings to be executed as follows:

- The court costs owed by S. Taylor, Hammond, St. Martin, Pridmore, S. Berger, K. Ware, M. Ware, and AMBC, LLC's of $4,020.54 shall be allocated equally among all parties. Therefore, S. Taylor, Hammond, St. Martin, Pridmore, S. Berger, K. Ware, M. Ware, and AMBC, LLC each owe the Williamsons $502.57.
- St. Martin, Pridmore, and S. Taylor are all each entitled to an equal portion of Craig Williamson's owed court costs of $1,096.90. Therefore, Williamson shall pay $365.63 to each St. Martin, Pridmore, and S. Taylor.

---

[12] Stated numerically, the calculation is as follows: $5{,}484.49 \times {}^3/_{15} = 1096.90$.

17

- Accounting for set-off, the parties' final obligations to pay court costs are as follows:
    - The Williamsons: $0.00
    - St. Martin:  $136.94 ($502.57 - $365.63 set-off)
    - Pridmore: $136.94 ($502.57 - $365.63 set-off)
    - S. Taylor: $136.94 ($502.57 - $365.63 set-off)
    - Hammond: $502.57
    - S. Berger: $502.57
    - K. Ware: $502.57
    - M. Ware: $502.57
    - AMBC, LLC: $502.57
- Payment shall be made on or before **December 1, 2014**.

The Clerk shall **REMOVE** Document 232 from the Court's pending motions list.

The Clerk shall **REMOVE** Case Nos. 2:09-CV-172 and 2:08-CV-431 from the Court's pending cases list.

    **IT IS SO ORDERED.**

                                    */s/ George C. Smith*
                                **GEORGE C. SMITH, JUDGE**
                                **UNITED STATES DISTRICT COURT**